## John B. Nevitt *v.* Bank of Port Gibson.

Where the makers of a promissory note procured the same to be indorsed by represent-
ing to the indorser that the note was to be used as a renewal or substitute of a note
on which said indorser was already liable, and it afterwards appeared that the in-
dorser was under no such previous liability, and that the makers negotiated the note
so indorsed for a different purpose; held by the court, that the indorsement was
procured by fraud, and the note fraudulently put into circulation, and that there was
a failure of consideration as to the indorser, who was thereby discharged, unless the
holder obtained it without knowledge of the fraud, in the usual course of trade,
and for a present valuable consideration.

BUCKNER and STEWART for complainant.

THRASHER, SILLERS, and H. T. ELLET for defendants.

The CHANCELLOR.

This case was submitted upon the demurrer of the Bank of
Port Gibson and R. M. Gaines, two of the defendants to the bill
of complaint. The complainant alleges, in substance, that he be-
came the surety of Throckmorton & Patterson, on a note for three
thousand dollars, payable to Robbins, Painter & Co. at the Plan-
ter's Bank at Natchez; that he had been in the habit of indorsing
for Throckmorton & Patterson, and that when the note was pre-
sented to him for his signature, he understood and believed that it
was intended as a renewal of some note or liability which Patter-
son informed him he had previously given or incurred as surety
for said Throckmorton & Patterson, to said bank; but that in
point of fact, there was no such note to be renewed; and that Pat-
terson fraudulently negotiated the note, and that it came into the
hands of the Bank of Port Gibson, upon which the bank sued
and recovered a judgment against him, which he asks may be
perpetually injoined upon the facts before stated, alleging that

they have been discovered by him since the rendition of the judgment at law. Do these facts entitle the complainant to the relief which he asks, is the question raised by the demurrer. If the note in question had been made for an original discount in the Planter's Bank, and had been refused there, and then presented to and discounted by the Port Gibson Bank, I could have no doubt, either upon principle or authority, of the right of the latter to recover against the complainant as surety thereto; because in that case the liability of the surety would not have been at all altered; the note would have served the substantial purpose for which it was intended, and the mere fact that the principal maker obtained the money at a different place from that originally contemplated, could give the surety no just ground for complaint. Payson v. Coolidge, 2 Wheaton 66; Powel v. Waters, 17 John. R. 176; Bank of Chenango v. Hyde et al. 4 Cow. R. 567; Bank of Rutland v. Buck, 5 Wendall. Rep 66.

That, however, is not the character of the case made by the bill. The complainant did not intend to incur any new liability for the makers, but simply to have the note, by way of renewal, substituted for another, upon which they fraudulently induced him to believe he was liable, and which they afterwards transferred for some different purpose. Here then was a double fraud. The complainant was induced to join in its execution upon a consideration which had no existence, and then the note was fraudulently put into circulation by the principal maker, in violation of the special and avowed purpose for which it was obtained. The authorities cited by the counsel for the bank, were barred upon a wholly different state of facts from that disclosed in this case. According to the facts, as stated in the bill, the note was not only obtained by fraud and deceit, but was negotiated contrary to the avowed intention with which it was made. Here was a clear failure of consideration, so far as the surety is concerned.

It has been repeatedly decided, that where a note is diverted from its original destination, and is fraudulently put into circulation, the holder cannot recover upon it, without showing that he obtained it without notice of the fraud, in the usual course of trade, and for a present valuable consideration. Peacock v.

Rhodes, Doug. Rep. 633; Woodhull *v.* Holmes, 10 John. R. 231; Conroy *v.* Warren, 3 John. Ca. 259.

The case of Wardell *v.* Howell, 9 Wend. R. 172, is a case in point, and establishes principles decisive of the question before me. I am therefore of opinion, that the demurrer of the Bank of Port Gibson must be overruled, with an order to answer. I see no ground whatever for making Gaines a party; his demurrer therefore is sustained, and the bill dismissed as to him.