LANCASTER et al. v. FASKIN.   (No. 1420.)*

(Court of Civil Appeals of Texas. El Paso. Feb. 21, 1923. Rehearing Denied March 15, 1923.)

1. Money paid ☞1—Liability for money paid another for repair bill of locomotive held not established.

Where plaintiff desiring that a railroad company in the hands of a receiver should obtain possession of an engine and certain cars belonging to it but in defendants' possession under a contract of rental, defendants refusing to deliver the engine claiming an account for repairs, paid the amount demanded from his personal funds, and so advised defendants, who thereupon demanded $500 more, which plaintiff refused to pay, and the engine remained in defendants' possession, held, that under such facts the receiver was not liable to plaintiff for the money.

2. Principal and agent ☞23(5) — Evidence held to sustain finding of agency for receivers of railroad company.

Where plaintiff desirous that the receiver of one railroad should regain possession of a locomotive from defendants, receivers of another railroad, paid the money demanded by defendants for repairs to the locomotive out of his own funds and sued defendants for the return of the money when they refused to deliver the engine, evidence that the payment was made to one who testified that he had received the money, and that he was at that time the agent of the defendants, which was not denied, held to sustain a finding that he was defendants' agent.

3. Money received ☞18(3)—Evidence held to show privity of contract to deliver railroad equipment.

Where plaintiff, being desirous that the receiver of a railroad company should regain possession of a locomotive in defendants' hands, paid from his own funds a repair bill claimed by them to be owing, evidence that plaintiff went to defendants' agent, and that he advised plaintiff that the amount paid was the sum necessary to obtain delivery of the equipment, held to sustain a finding of privity of contract sustaining a recovery of the money paid when delivery of the equipment was refused.

4. Money received ☞6(6)—Plaintiff held entitled to recover payments made to regain possession of railroad equipment.

Where plaintiff, being desirous that the receiver of a railroad company should obtain possession of a locomotive and certain equipment in defendants' hands, paid from his own funds an amount claimed by defendants to be due for repairs, notwithstanding which the equipment was not delivered, held, that plaintiff was entitled to recover the money so paid, either on the theory that it was paid under a contract which was not performed, or that defendants through their agents accepted the money knowing it was paid for a definite purpose, when in fact it was not sufficient to accomplish the purpose, but that a certain further sum was nec-

essary, which was not disclosed to plaintiff until after the payment had been made.

**5. Money received ☞19(2)—Charge held sufficiently to submit case under pleadings and evidence.**

Where plaintiff, being desirous that receiver of a railroad company should regain possession of certain railroad equipment in defendants' hands, paid from his own funds the amount demanded by them, but nevertheless did not obtain delivery of the equipment, in a suit to recover such payment, a charge that if plaintiff paid to defendants the amount claimed out of his own money under agreement that defendants should deliver to the railroad company the equipment, and if they did not so deliver the equipment within a reasonable time to find for plaintiff in the amount paid with interest from the time the equipment should have been delivered, and if plaintiff delivered to defendants the amount claimed in payment of an account, or claim defendants had against the railroad company, or if he paid such money for or on behalf of the railroad company, or its receivers, to find for defendants, *held* clearly and sufficiently to submit the case under the pleadings and evidence.

**6. New trial ☞90—Refusal of new trial on ground of surprise held not error.**

In an action to recover money paid in an unsuccessful attempt to regain possession of railroad equipment, it was not error to refuse a new trial to defendants on the ground of surprise because of testimony that their attorney admitted the justice of plaintiff's claim and promised satisfaction, where the attorney's affidavit stated that he did not say it was a just debt, but that, if it was a just claim, he would take it up with the receivers with a view to settlement; the difference between the two statements not being sufficient for impeachment.

**7. Appeal and error ☞1050(3)—Evidence in form of conclusions of law upon undisputed facts held harmless.**

Where evidence was admitted that the attorney for the losing party had made a certain statement which simply amounted to an opinion or conclusion of law upon the facts as to which facts there was no controversy, such evidence, if improperly admitted, did not constitute ground for reversal.

**8. Appeal and error ☞882(9)—No reversal for testimony elicited by appellants' counsel on cross-examination.**

Where testimony alleged to have been erroneously admitted was called for by appellants' counsel upon cross-examination, it will not constitute ground for reversal; appellee not being responsible therefor.

**9. Evidence ☞246—Statement of defendants' counsel held admissible as declaration against interest.**

Where plaintiff, being desirous that the receiver of a railroad company should regain possession of certain railroad equipment in defendant's hands, paid from his own funds a claim for repairs made by defendants, but failed to obtain the equipment and sued to recover the money paid, evidence of a statement by defendants' attorney that the claim was a just one and promising satisfaction *held* admissible as a declaration against interest.

**10. Appeal and error ☞499(1) — Objections not in record not available.**

Where the bill of exceptions fails to show that a statement of the court was objected to as a comment on an issue of fact, the case would not be reversed for such reason.

**11. Evidence ☞210—Petition in federal court containing itemized statement held admissible as declaration against interest.**

Where plaintiff, being desirous that the receiver of a railroad company should regain possession of railroad equipment in defendants' hands, paid from his own funds a claim for repairs made by defendants, but the defendants, nevertheless, failed to deliver such equipment, whereupon plaintiff sued to recover the payment made, a petition in an intervention of defendants in the receivership proceedings against the railroad company in the federal court, containing an itemized statement of the receivers of defendants against the railroad company as to repair items on the equipment in question making no mention of any credit for the amount paid by plaintiff, *held* admissible as a declaration against interest.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Andrew Faskin against J. L. Lancaster and another, receivers of the Texas & Pacific Railway Company. Judgment for plaintiff, and defendants appeal. Affirmed.

S. N. Russell, of El Paso, for appellants.
Whitaker & Peticolas, of El Paso, for appellee.

HARPER, C. J. Andrew Faskin brought this suit against Lancaster & Wallace, receivers of Texas & Pacific Railway Company, and for cause of action alleged that one Girdley was the receiver of the Midland & Northwestern Railway Company; that engine No. 104 belonging to the latter company was in the possession of the former company under a contract of rental; that a demand having been made upon the Midland & Northwestern Railway Company for 12 stock cars to ship cattle over its line, plaintiff requested the receivers of the Texas & Pacific to deliver said engine, water car, car of oil, etc., whereupon the receivers refused to deliver, claiming an account for repairs to the engine, save upon payment of $1,336.97; that plaintiff out of his own personal funds paid said amount to the defendants, receivers, so advising them; that the defendants failed to comply with the agreement and notified the receiver of the Midland & Northwestern Railway Company that there must be deposited $500 more before they would deliver; that, no engine or equipment having been de-

livered, demand was made for the return of the money paid by plaintiff.

Defendants answered by general and special exceptions, general denial, and specially that any money deposited was a loan for the benefit of Girdley, receiver. So that plaintiff's cause of action, if any, is against Girdley and not defendants. That there was no privity of contract, etc. And then set up a contract in detail between the defendants receivers and Girdley, receiver of the Midland & Northwestern Railway Company.

Submitted upon general charge, and the jury found for the plaintiff for the amount sued for. Appealed.

The first proposition is:

"It being manifest from appellee's petition and testimony that he made the payment of $1,336.97 to appellants in settlement of the repair bill of the Midland & Northwestern Railway for account of that line, at which time he was fully advised that such payment was made for that purpose, his sole right of recovery is against said Midland & Northwestern Railway or its receiver, and it was error to render judgment in his favor against appellants."

[1, 2] It is manifest from our statement of the pleadings of plaintiff that he knew that the amount paid was demanded of the receiver of the Midland & Northwestern Railway Company as the amount owing for the repairs to the engine, but there is nothing to indicate either pleadings or evidence that he paid it under any agreement with such receiver, but the evidence for appellee is that he had no such agreement, but upon the solicitation of certain shippers of cattle he paid it to accommodate them, of his own money. This would not make the receiver of the Midland & Northwestern Railway Company liable to him for its return. In this connection, it may be well to notice appellant's second proposition, that there was no evidence that appellee had any dealings with appellants or with any of their authorized agents; that therefore there was no privity of contract between appellee and appellant. It is not disputed that the agent of appellants accepted the money, and it is admitted that the thing for which it was paid was not delivered, to wit, the engine and equipment. The payment was made to J. J. Hamlet, who testified that he received the money, and that he was at the time the agent of the receivers. There was no denial under oath that he was their agent. These things certainly must be held to constitute agency.

[3, 4] The plaintiff testified that, after talking with one of the shippers, he went to this same agent, and that he advised plaintiff that the amount paid was the sum necessary to obtain delivery of the equipment. This ought to be sufficient to constitute privity of contract; but, if there was no privity of contract, then the receivers offered him nothing for his money and gave him nothing

for it, and since there is no evidence that he paid it to them for and on account of the receiver of the Midland & Northwestern Railway Company, he should in all good conscience have it returned to him upon either of the two theories, viz.: That he paid it under contract for the delivery of the equipment, which was not performed; or that through their agent they accepted the money knowing that it was paid for a definite purpose, when in fact it was not sufficient to accomplish the purpose, release of the equipment, but that $500 more was necessary, and the latter amount was not disclosed to him until after payment had been made. This amounts to a conversion. George v. Taylor, 55 Tex. 97; Eversberg v. Miller (Tex. Civ. App.) 56 S. W. 223; Bullock v. Crutcher (Tex. Civ. App.) 180 S. W. 941.

The third proposition is that the undisputed testimony is that the operation of the Midland & Northwestern Railway Company was suspended several months prior to the payment made; therefore no agent of appellant had any authority to contract with it. There is no attempt to enforce any contract between the appellants and the Midland & Northwestern Railway nor the receiver of the latter. But apropos to the above discussion, if the agents of appellants had no authority to contract, then the money should be returned, because they could not lawfully deliver the equipment to any one, and they were guilty of fraud.

The cause was submitted by two paragraphs, as follows:

"(1) Now, if you find from a preponderance of the evidence that on or about the time complained of by the plaintiff, he paid or delivered to them, the defendants, the amount claimed by him of his own money, with the understanding or agreement that the defendants would deliver to the Midland & Northwestern Railway Company the equipment in his petition alleged, and you further find from a preponderance of the evidence that they did not so deliver such equipment within a reasonable time after such payment, you will find for the plaintiff for $1,336.97, with interest at 6 per cent. per annum from the time such equipment should have been delivered, if it should, to date; and, unless you so find, you will find for the defendants.

"(2) If you find that the plaintiff delivered the amount complained of to the defendants in payment of an account or claim defendants had against the Midland & Northwestern Railway Company, or if you find that he paid or delivered such money for or on behalf of the Midland & Northwestern Railway Company, or the receiver thereof, you will find for the defendants."

[5] This charge clearly and sufficiently submits the case under the pleadings and evidence of the parties, and the jury have found for the plaintiff.

[6] The fourth proposition is that it was error to permit plaintiff to testify that the

attorney for defendants admitted the justice of the plaintiff's claim and promised satisfaction, and the fifth is that the court should have granted a new trial on account of surprise at this testimony complained of, and because of the further fact that the said solicitor would have testified that no such admission was made, and that his testimony could not be had prior to the close of the trial. As to it being a cause to grant new trial, the solicitor in his affidavit attached to the motion said he remembered having a conversation about the matter, but that he did not say it was a just debt, but only said that if it was a just claim he would take it up with the receivers with a view to a settlement; so the difference between the two statements is not sufficient to be of any importance for impeachment, therefore not ground for granting a new trial.

[7] Besides, the statement by the attorney testified to simply amounted to an opinion or conclusion of law upon the facts. There is no controversy as to the facts in this case. Whilst the court submitted the defense to the jury "did the plaintiff pay this money on behalf of the Midland & Northwestern Railway Company or the receiver?" there is no evidence in this record that he did so pay it. There is no question that he was paying an amount, stated by the receivers of the Texas & Pacific and their agent, to be due from the Midland & Northwestern Railway and for which they would deliver the equipment so that certain shippers might use it. So the trial court, as here, had a question of law only to pass upon. So if this was not proper testimony, it in no way changed the facts.

[8, 9] Besides, this testimony was called for by appellants' counsel upon cross-examination, so appellee is not responsible for it. And it seems to us that a statement from such source is properly a declaration against interest and is admissible.

One of the reasons for objection to this testimony was that it was not shown that the general solicitor had authority to make this statement. The court stated:

"I do not know the general solicitor; what his authority would be. I would think he had pretty good authority. It is an issue of fact."

This is assigned as reversible error because a comment upon an issue of fact.

[10] This statement is incorporated in a general bill of exceptions which covers several questions of evidence in addition thereto, and there is nothing in the bill to show that such objection as the one suggested by the assignment was made at the time. So that the court might then have corrected it.

The next and last is that the petition in intervention of defendants in the receivership proceedings in the United States District Court of the Midland & Northwestern Railway was not admissible evidence.

[11] This contained an itemized statement of the receivers of the Texas & Pacific against the Midland & Northwestern, and several of these items were for repairs and labor on engine No. 104, with no mention of any credit for the amount sued for in this case. This petition was admissible as a declaration against interest. Warburton v. Wilkinson (Tex. Civ. App.) 182 S. W. 711.

Finding no error, the cause is affirmed.