Lipscomb, J.
The plaintiff in error assigns two grounds of error on which he asks a reversal of the judgment of the court below:
1st. That there is error in discontinuing as to one of (lie makers of the note without having shown that lie resided without the limits of the State or was insolvent.
2d. The court below erred in striking out the answer of the defendant.
The point presented by the first assignment was directly decided by this court in tiie case of Look et al. v. Henderson, (4 Tex. R., 303,) and we held that under our statute (Hart. Dig., art. 670) it was not, competputfor tiie plaintiff to discontinue as to one of the makers when there was an indorser or guarantor on the note unless the plaintiff' showed that such party as to whom he sought to discontinue ills suit resided without tiie limits of the State or in a depopulated county, or was insolvent. It does not appear that the party came within either of these exceptions in the case before us. The court below erred therefore in permitting the discontinuance as to Rames.
The point presented by the second assignment of error was decided by tills court in tiie case of Wheat v. Davidson, (2 Tex. R., 196.) And it was i-tiled that if the answer was filed at anytime before a final judgment by default was asked, it ought to be received, and that its rejection, if so offered, would furnish sufficient ground for reversing the judgment.
Wo have no disposition to disturb either of the decisions referred to.
The case of Look and another v. Henderson, cited above, is not repugnant to tiie decision of the court in Petty v. Cleveland. (2 Tex. R., 404.) This case was decided mainly on tho ground that, tiie security, Petty, liad relied on another defense, and did not ask tiie opinion of the court, nor was there, any decision on Ills rights as a security. It was therefore considered as having been waived by him. On the fullest consideration we are satisfied that the *115 case of Look et al. v. Henderson was correctly decided. The judgment of the court below is reversed and the cause remanded.
Judgment reversed.