## JOHN ALDRIDGE v. H. MARDOFF.

1—When the maker and the indorser of a note have been sued in the same action, if the maker dies during the pendency of the suit, the suit abates as to him, and it is not necessary that his administrator be made a party defendant, although his estate remains liable for the debt.

2—In such case the plaintiff may proceed to judgment against the indorser alone, and the case is not within the inhibition of Art. 1449 of Paschal's Digest, which provides that no judgment shall be rendered against an indorser unless, at the same time, judgment be also rendered against the principal, except in cases where the principal resides beyond the limits of the State, or is insolvent.

3—A statute must be so construed as to give effect, if possible, to each and all of its provisions.

4—A motion to set aside a judgment by default must show that essential injustice has been done the defendant, and that he has a meritorious defense.

5—Mere technical defenses are entitled to no indulgence. The rules of practice will not be relaxed in their favor.

6—It is matter of discretion in the court below whether it will entertain a motion for a new trial which was entered after the lapse of two days after judgment was rendered, and its exercise of that discretion will not be revised by this court.

ERROR from Travis.   Tried below before the Hon. A. W. Terrell.

The facts are very clearly stated in the opinion of the court.

*W. L. & C. L. Robards*, for the plaintiff in error.

*Hancock & West*, for the defendant in error.

WALKER, J.—On the 20th day of September, A. D. 1855, J. W. Bonner, acting as agent, or attorney in fact of Dempsey Bonner, made a promissory note for the sum of $105, due December 25th, A. D. 1855, and payable to Robert Anderson. Anderson transferred the note to John Aldridge, and Aldridge endorsed the same to Henry Mardoff.   Mardoff brought suit against Dempsey Bonner and John Aldridge, the plaintiff in error, November 17, 1856, in the District Court of Travis county.   At the Fall term of the District Court for the year 1856, a guardian *ad litem* was appointed for Dempsey Bonner, it being shown to the court that he was *non compos mentis.* At the same time the defendants filed a general denial of all the material allegations in the plaintiff's petition.

At the Fall term of the court for the year 1857, the death of Dempsey Bonner was suggested to the court, and the record says that the plaintiff dismissed his suit as to Bonner's administrator, but it does not appear from the record that any administrator of Bonner was ever made a party to the suit.

At the same term of the court, judgment was taken by default against Aldridge, for principal and interest of the note, but this judgment appears to have been disregarded, for, on the 26th of May, 1858, citation was issued and served upon Aldridge, to appear and defend the suit; and, in June following, a jury was impanneled and sworn to make inquiry of

damages.    The jury returned their verdict for the plaintiff for one hundred and twenty-six dollars.    The court gave a judgment for $126$\frac{65}{100}$, with interest until paid, and costs of suit. Aldridge filed his answer on the 12th of July, with exceptions to the petition.    The exceptions appear to have been overruled, and the verdict of the jury was on the issue made by petition and answer.

On the 14th of August, 1858, a motion made by defendant Aldridge to set aside the judgment was overruled, and plaintiff's counsel, in open court acknowledged notice of appeal.

On the 27th of September, 1858, the plaintiff in error filed his petition, and assigned for error the following causes :

1.   The court erred in rendering judgment by default against the undersigned.

2.   The court erred in rendering judgment final against the undersigned.

3.   The court erred in overruling the motion of the undersigned to set aside the said judgment by default.

4.   The court erred in dismissing said cause as to the defendant Bonner.

5.   The court erred in disregarding and not disposing of the exceptions and answer of defendant filed before judgment final.

In this court the following additional errors are assigned :

1.   The record of the final judgment in said cause does not show the name of the foreman of the jury, or of any of the jurors who returned the verdict.

No judgment shall be rendered against an indorser unless at the same time judgment be rendered against the principal, except in cases where the principal resides beyond the limits of the State or is insolvent.   In this case the principal died *pendente lite.*

Reference is made to his administrator being a party and suit dismissed as to him.

The case is not provided for by the Legislature.   Art. 1449 Paschal's Digest provides a protection for indorsers, except

where the principal is beyond the jurisdiction of the court, or where he is insolvent.

Upon the demise of the principal, though his estate remains liable for the debt, the suit abates as to him, but the indorser stands in the same relation to the holder of the note that he would were the principal residing beyond the limits of the State.

Is the plaintiff then bound to suspend his suit until administration can be granted, and the administrator made a party? Art. 1449, Paschal's Digest—already referred to—provides that judgment shall not go against the surety except at the same time it be taken against the principal, save in the two excepted cases. Here there is no principal "*in esse*," and we think the restriction does not apply. The reasoning in Scott v. Dewey, 2 Tex. 153, and Ennis v. Crump, 6 Tex. 89, bears us out in this view of the case, though the cases were both decided prior to the District Court Act of May 13, 1846.

In Art. 4, Paschal's Digest, it is provided that if the action be such that it does not abate by the death of one of the parties, but survives to the plaintiff, the death of a party shall be suggested on the record, and the action proceed to judgment. Articles 4, 1426 and 1449 are all part and parcel of the act of May 13, 1846, and every act of the Legislature must be so construed (if possible) as to give effect to each and all of its provisions.

If we hold that the case at bar is one in which the plaintiff must have suspended his suit, until an administrator of Bonner could have been brought in to defend, we give no effect to Art. 4, and render the act repugnant to itself.

A motion to set aside a judgment by default must show that some essential injustice has been done, and that the defendant has a meritorious defense.

One who is guilty of the grossest laches can not come into court and ask to be indulged in mere technical defenses.

Defenses not privileged must be made within rules; they can have no indulgence. (6 Texas R., 420; 13 Texas R., 275.)

If there had been ever so good grounds for setting aside the judgment of the District Court, the plaintiff in error has lost his right to make them available.

He slept, then, upon his rights, neglecting to make his motion within the two days prescribed by law; and when, after more than twenty days, he did make it, he utterly failed to show any cause for the delay.

It was matter of discretion in the court below to entertain the motion or not, and that discretion will not be revised in an appellate court.

The truth is, the plaintiff in error slept upon his rights, if he had rights; he should have remembered the maxim, *Leges vigilantibus non dormientibus subvenient.*

It is scarcely necessary to notice the assignment for error, that the verdict and name of the foreman of the jury are not found in the judgment.

This was cured in the court below, as shown by the record. (See Ramsey v. McCauley, 9 Tex. R., 106, and Swift v. Farris, 11 Tex. R., 18; Art. 51, P. D.)

We find no error upon which the court can set aside the judgment below, and it is therefore confirmed, with costs in this court.

Affirmed.