H. V. HURLOCK ET AL. V. AUGUST REINHARDT.

1. SUIT ON SHERIFF'S BOND—MISJOINDER OF PARTIES.—It is error
   to join as defendants the sureties on a sheriff's bond and a deputy of
   such sheriff.
2. ANSWER BEFORE DEFAULT.—It is error to render judgment where
   it is shown by the record that answer was filed, although filed after
   default day, the record failing to show that default was actually
   taken.
3. PRACTICE—DAMAGES.—It is error to render judgment by default
   final without a jury upon a suit for damages against sureties of a
   sheriff for nonfeasance or malfeasance in office.
4. MEASURE OF DAMAGES.—In a suit on a sheriff's bond, for the failure
   of the sheriff to sell attached property in his hands, under order for
   its sale, the measure of damages is the value of such property, not
   the amount of the judgment.

ERROR from Anderson.   Tried below before the Hon.
A. J. Fowler.

August Reinhardt brought suit against H. V. Hurlock
and Ira B. Taylor, sureties of G. D. Kelley, sheriff of An-
derson county, but who had left the State, and H. B.
Wilder, a deputy under Kelley, for damages, in that Wil-
der, as deputy sheriff, in gross neglect of duty, and in will-
ful disregard of the rights of plaintiff, had failed to make

sale of four mules under an order of sale issued under a judgment in attachment against one G. M. Cox for $225.64 in favor of plaintiff. It was alleged that the mules were in the possession of the sheriff, under attachment levied in the suit, but that Wilder left the property in the possession of Cox without bond, and so the money on plaintiff's judgment was not made.

Citation was returnable the first Monday in December, 1873, and was served as to Hurlock. Wilder accepted service.

December 8, 1873, Wilder pleaded a general demurrer; special exceptions, (1,) a misjoinder of parties, that there was no privity between him and Hurlock, sureties of Kelley, and (2,) because, if liable at all, he was only responsible to Kelley, his principal; and a general denial.

January 1, 1874, plaintiff moved to strike out the answer; (1,) because filed after default, and, (2,) because only a general denial, and not showing a meritorious defense. On this motion there is no evidence of action by the court.

December 31, 1873, judgment by default final against Hurlock and Wilder for the $247.69, the amount of the judgment, and they prosecute their writ of error to this court.

There was no statement of facts or bills of exception.

*Ward & Ward,* for plaintiff in error.

*T. T. Gammage,* for defendant in error.

MOORE, ASSOCIATE JUSTICE.—This case presents an unbroken series of errors from its commencement to its conclusion. The suit is brought to recover damages sustained by reason of a breach of official duty by the sheriff, committed, however, as appears from the petition, by his deputy. It seems to be intended as a suit upon the bond of the sheriff, and also the bond of the deputy to his principal. The parties who are made defendants to the action

are the sureties of the sheriff and the deputy sheriff. It being averred in the petition that the sheriff and the sureties on the bond of the deputy were not sued, because one of these sureties was dead, and the other and the sheriff were beyond the limits of the State, we think it quite too plain for argument that plaintiff's cause of action, as presented in his petition, is not a joint one against the defendants. And the exceptions to the petition for a misjoinder of parties and of actions should have been sustained.

The facts alleged show a good cause of action against the sheriff upon his bond. But there is no privity of contract between Reinhardt and the deputy which authorizes a suit by him on the bond given by the deputy to his principal. We do not say, for we are not called upon to do so, that a deputy sheriff can under no circumstances be proceeded against upon his bond by a party injured in his own name. But, if so, it is not on a bare statement of a breach of duty, which, for aught that appears, may be compensated for by an action against the sheriff, the party immediately and directly liable to him for such breach of duty.

It appears from the transcript that the case was taken up in the court below on the 31st day of December, 1872, being the 25th day of its term. It also appears that Wilder, the deputy sheriff, had on the 8th of December, filed his exceptions and answer to the petition. Yet the court gave judgment against him as well as his co-defendant, Hurlock, by default. And it can hardly be inferred from the record that this occurred through a failure to direct the attention of the court to the answer, for there is copied into the transcript a motion by Reinhardt's attorney to strike out this answer, upon the ground that a judgment by default had been taken against Wilder on the fifth day of the term, some two or three days, it would seem, before the answer was filed. But no such judgment is found in

Statement of the case.

the transcript. Nor does it appear that any action was taken by the court on the motion to strike out the answer.

The suit was dismissed as to one of the sureties on the sheriff's bond, for the reason, as is stated in the judgment entry, that he had not been served with process, while the return upon the citation shows he was in fact duly served, though, probably, one day too late to have required him to appear and answer to the suit at that term of the court.

. It also appears from the record that a judgment was rendered by the court without calling a jury, as on a liquidated demand. This was evidently erroneous. The suit was for damages sustained by Reinhardt, through the failure of the sheriff to secure the property upon which an attachment had been levied. The amount of damages which could be recovered is shown, it is true, by the judgment and execution or order of sale which went into the sheriff's hands. But the amount which he was entitled to recover from the sheriff was undoubtedly to be ascertained, not by the amount of his demand, but by the value of the attached property, of which he had failed to get the benefit, by reason of the default of the sheriff, as alleged in the petition.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.