**STOUT v. MYERS et al. (No. 10012.)**

(Court of Civil Appeals of Texas. Fort Worth. June 10, 1922.)

1. **Pleading ⊂⊃85(1)—Defendant may file answer any time before judgment by default has been announced.**

An answer may be filed at any time before the case is reached on call, if an interlocutory judgment by default has not been entered.

2. **Habeas corpus ⊂⊃113(5½)—Failure to strike out answer on ground of surprise held not error in absence of motion for continuance.**

In a habeas corpus proceeding by a grandfather to obtain possession of his grandson, where respondent was permitted to file an answer on the day of trial and the relator was given from 10 o'clock, when the answer was filed, until 1:20 in the afternoon, to examine the answer, in view of the failure of the relator to designate which paragraphs of the answer were objectionable as involving questions which he was not prepared to answer, and of the fact that he failed to move for continuance, a refusal of the trial court to strike out the answer was not error.

3. **Habeas corpus ⊂⊃90—Refusal to require defendants in habeas corpus for possession of minor grandson to assume burden of proof held not error.**

Under Rev. St. art. 4072, providing that, where a minor is an orphan and a guardian has not been appointed by his parent, the nearest ascendant in direct line, if not disqualified, is entitled to guardianship of both the estate and person of the minor, in habeas corpus proceedings by a grandfather to gain possession of his grandson, the refusal to require respondents to assume the burden of proof that their home was a fit and suitable one in which to rear the minor, and that the relator was an unfit person to have the custody of the minor, was not error.

4. **Habeas corpus ⊂⊃99(1)—Court may deliver custody of minor to claimants or to others.**

In habeas corpus proceedings, a trial court may in its discretion deliver a person incapable of self-protection to a claimant or to some other person.

5. **Habeas corpus ⊂⊃99(2)—Right to custody of minor is matter in discretion of trial court.**

Where the right of custody of a child is in question, a decision thereof is a matter largely in the discretion of the trial court.

6. **Habeas corpus ⊂⊃99(3)—Granting custody of orphan child to his cousins held not error.**

In habeas corpus proceedings by a grandfather against cousins of a child to gain possession of it, where respondents are people of good standing in the community and are fit to have the custody of the child and would provide it with a good home and a good education and would probably live until the child became of legal age, granting the custody of the child

to them in preference to its grandfather, a man 75 years of age, who would probably not live until the child reached its majority, was not error.

**7. Trial ⚖⇒41(5)—Admission of testimony of witness not sent out of court under rule held not error.**

In a habeas corpus proceeding by a grandfather against cousins of his minor grandson to obtain possession of the grandson, where a rule excluding witnesses from the courtroom was announced, and a witness remained in the room, but, as soon as the attorneys for the respondents knew that they would want to use the witness, he was sent from the room, admitting his testimony, which was only as to the same facts testified to by the other witnesses, was not error.

Appeal from District Court, Jack County; F. O. McKinsey, Judge.

Application by T. K. Stout for writ of habeas corpus to be directed to A. J. Myers and others. From a judgment for respondents, relator appeals. Affirmed.

J. L. Rudy, of Bowie, for appellant.

Hood & Shadle, of Weatherford, and J. D. McComb and J. P. Simpson, both of Jacksboro, for appellees.

BUCK, J. This is a habeas corpus proceeding instituted by T. K. Stout, of Bowie, Montague county, Tex., against A. J. Myers and wife, Mollie Myers, to obtain possession of a minor child, Gilbert Wesley Sparkman, who is the son of the relator's daughter, now deceased, and of Wesley Sparkman, now deceased, the latter a first cousin of the respondent, Mrs. Mollie Myers. From a judgment for respondents, the relator has appealed.

The first assignment is to the action of the court in refusing to strike out respondents' answer, because—

"(a) Same was not filed in accordance with statutory requirements; (b) because said answer was not filed till the case was called for trial at this term, and no notice of its contents had been given to relator; (c) said answer was voluminous and would require much time to procure evidence to meet and disprove its numerous allegations; (d) relator was thus forced to go to trial, or continue the case, either horn of which dilemma would be and was very harmful to relator; (e) and, when taken in connection with the court's subsequent error, as set out in his second bill of exception, wherein the relator by the court's ruling was forced to assume and discharge the burden of proof, instead of respondents, the court's error herein is greatly intensified."

The court qualified appellant's bill of exceptions directed to this alleged error in the following words:

"The answer referred to was filed about 10 o'clock in the morning when the case was called for trial. Relator claimed surprise, and presented his motion to strike out the answer. I then gave him until 1:30 that afternoon to examine same, and at that time he stated if certain portions of same were stricken out or withdrawn he would be ready for trial, and I understood that the motion was not further insisted upon. No further postponement and no continuance was asked, and if further time had been asked for the court would have granted it if it had appeared that relator was entitled thereto."

[1, 2] A defendant has the right to file his answer any time before judgment by default has been actually announced by the court. City of Jefferson v. Jones, 74 Tex. 635, 12 S. W. 749; Tally v. Thorn, 35 Tex. 728; Hurlock v. Reinhardt, 41 Tex. 580. An answer may be filed at any time before the case is reached on call (Anderson v. Nuckles [Tex. Civ. App.] 34 S. W. 184, 680), if an interlocutory judgment by default has not been entered. Boles v. Linthicum, 48 Tex. 220. In view of the failure of the plaintiff, either in the record or in his brief, to designate which paragraphs of the answer he finally objected to because they involved questions which he was not at that time prepared to answer, and in view of the qualification of the trial court heretofore quoted, and in view of the failure of the plaintiff to move for a continuance, we can see no error in the action of the court in failing to strike out defendants' answer. We think the failure of the plaintiff to ask for a continuance, in case matters were pleaded in the answer which he was not prepared to meet with testimony, constitutes a waiver of any error on the part of the trial court in failing to strike the defendants' answer from the docket.

[3, 4] The second assignment complains of the action of the trial court in overruling appellant's oral motion to require the appellees to take the lead and assume and discharge the burden of proving, not only that their home was a fit and suitable one in which to rear the minor, Gilbert Wesley Sparkman, but that the relator was an unfit and incompetent person to have the custody and care of said minor. It is urged, inasmuch as the law recognized the parent as the natural guardian and entitled to the custody of the child so long as he discharges the obligations imposed on him by protecting and maintaining his offspring, as held in Legate v. Legate, 87 Tex. 248, 28 S. W. 281; State v. Deaton, 93 Tex. 243, 54 S. W. 901; Dunn v. Jackson (Tex. Com. App.) 231 S. W. 351; Clayton v. Kerbey (Tex. Civ. App.) 226 S. W. 1117, and inasmuch as in these cases it is held that if the parent is not in any way disqualified to have the care and custody of his child, the law presumes that it is for the best interest of the child that he should have such custody, that inasmuch as the appellant here-

was shown to be the only living grandparent, and both parents of the minor were dead, that he stood in the place of the father or mother and that the same presumption should obtain as to him. Under article 4072, Rev. Statutes, it is said that where the minor is an orphan, and no one has been appointed by the parent to be the guardian of such minor, the nearest ascendant in the direct line of such minor, if not disqualified, is entitled to the guardianship of both the person and the estate of such minor. When the subject of a writ of habeas corpus is a child or other person not capable of self-protection, the court may, in its discretion, deliver such person to the custody of one of the claimants, or to the custody of some other person. In this sort of an action, the guardian has been refused the custody of the minor. 21 Cyc. p. 332; In re Smith, 13 Ill. 138; Foster v. Alston, 6 How. (Miss.) 406; In re Welsh, 116 Mich. 32, 74 N. W. 299.

[5, 6] The right of custody is largely a question to be decided by the trial court in the exercise of his judicial discretion. The evidence in this case shows that the mother of the minor died when he was six months old, and that he was delivered to the custody of Mrs. Myers by his father, and has lived with her and her husband since said time. His father was killed in a runaway about three years after his wife's death. It is in evidence that A. J. Myers and wife have lavished the tenderest love on this little boy and have provided him with a good home; that he attends Sunday school, and day school. Mr. and Mrs. Myers are people of considerable means, Mr. Myers estimating that he was worth some $150,000; they are members of the Baptist Church, and stand well in the community where they live. On the other hand, the appellant, although some 75 years old, is in good health, and has kept the four girls, sisters of the minor, since the death of their parents, and until two of them married, one at 17 and the other at 20 years of age. Mr. Stout is a member of the Nazarene Church and very devout. We think the evidence tends to show that both the relator and the respondents are able and willing to give the minor a good home, where he will receive the kindest treatment and the benefits of an education. But we are not prepared to hold that under the facts shown in the record, the trial court erred in granting the custody of the minor to the respondents, or any reversible error was committed in requiring the plaintiff to assume the burden of proof. Even though appellant's contention should be held correct, that is, that under the facts shown he was entitled to stand in the place of the parents of the child, and therefore that the defendants were required to assume the burden of proving their case, yet, inasmuch as the testimony was all before the court, we conclude that any irregularity in the procedure is immaterial.

[7] The third assignment complains of the action of the trial court in permitting a witness, Stuart Castleberry, to testify after he had sat in the courtroom and heard some of the witnesses' testimony. The record discloses that at the beginning of the introduction of the testimony the witnesses were put under the rule, and that it was not known by counsel for the respondents that Mr. Castleberry was in possession of facts favorable to the respondents. Therefore Castleberry was allowed to remain in the courtroom after several of the witnesses had testified. Attorneys for respondents then notified the court that they would want to use Castleberry, and he was sworn and retired from the courtroom. Subsequently, he testified, the court qualified the bill of exception to this alleged error as follows:

> "The court believes and finds that they (counsel for respondents) did not know until Castleberry was sworn and put under the rule that he was a material witness, and that as soon as they learned that he knew any material fact, and that they would want to use him as a witness, they had him sworn and sent out under the rule."

Furthermore, Castleberry swore only to facts testified to by other witnesses, such as that the minor was an attendant at Sunday school and behaved well and that Mr. Myers was in good financial condition. Hence this assignment is overruled.

As said by Judge Brown in State v. Deaton, supra:

> "What is for the best interest of the infant is the question upon which all cases turn at last."

In this case, the testimony shows that for eight years respondents have given the little boy a good home; that they are devoted to him and are prepared to educate and qualify him for good citizenship. Mr. Myers is shown to be a hale and hearty man of 60 years, and his wife is also shown to be in good health and 46 years of age. Into their custody the father of the little orphan boy gave him when he was a tender infant of 6 months. He knows no other mother and father, and they, it is shown, love him as they would their own child. The relator is 75 years old and in all probability will not live until the minor here is of age. His two sisters, one 15 and the other 13 years of age, now living with their grandfather at Bowie, will in all likelihood marry before this boy shall have reached the age of discretion. Thus, it is likely, had the court awarded the custody of the child to the relator, the minor would have been deprived, before he reached the age of manhood, of the company and care of his two sisters and of his grandfather. Under the facts shown, we are not

prepared to hold that the trial court abused his discretion in awarding the custody of the child to the respondents.

All assignments of error are overruled, and the judgment is affirmed.