ATLANTIC OIL PRODUCING COMPANY v. W. T. JACKSON, DISTRICT JUDGE, ET AL.

Motion No. 7689.    Decided June 25, 1927.

(296 S. W., 283).

1.—Plea of Privilege—Jurisdiction—Dismissal.

The right of plaintiff to dismiss his suit at any time before the decision is announced (Rev. Stats., Art. 2182) was not lost by the filing of an uncontroverted plea by defendant of his privilege to be sued in another county. The Court before ordering the suit transferred in accordance with such plea still had jurisdiction to entertain plaintiff's voluntary non-suit. (P. 571).

2.—Same—Mandamus.

Plaintiff on plea of privilege being filed by defendant and before order transferring the case thereon having taken a voluntary nonsuit, the Supreme Court here refuse to permit the filing of a petition for mandamus to require the trial judge to reinstate and to transfer the case, both because the nonsuit was properly entered, and because the reinstatement and transfer of the case, which plaintiff would still be free to dismiss, would be a futile proceeding. (P. 572).

Motion by the Atlantic Oil Producing Co. for leave to file in the Supreme Court a petition for writ of mandamus against Jackson as District Judge.

*Turner & Rodgers* and *C. R. Winn*, for relator.

The filing of the uncontroverted plea of privilege deprived the court of all jurisdiction to make any order except to transfer the case. Galbreath v. Bishop, 287 S. W., 1087; Craig v. Pitt-

man, 250 S. W., 667; Weil v. Abeel, 206 S. W., 735; First Natl. Bank v. Childs, 231 S. W., 807; DeWitt v. DeLeon, 293 S. W., 301.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

On Motion for leave to file Petition for Mandamus.

Respondent Z. P. Perry brought suit in the 77th District Court of Limestone County against relator, Atlantic Oil Producing Company, to recover damages for an alleged injury to the person of his wife and to certain personal property. After being duly cited, relator, before appearance day, filed its plea of privilege to be sued in Dallas County. Seven days later, relator presented its plea of privilege and, before any controverting affidavit was filed, relator requested the transfer of the cause to Dallas County. Instead of granting this request, the Court, on motion of the plaintiff to be allowed to take a nonsuit, dismissed the cause. Relator asks the Supreme Court for a mandamus to compel the vacation of the order dismissing the case and the entry in lieu thereof of an order transferring the case to the District Court of Dallas County, relying on certain expressions in the opinion of Section B of the Commission of Appeals in Galbreath v. Bishop, 287 S. W., 1087, and Craig v. Pittman & Harrison Co., 250 S. W., 671, to the effect that after a plea of privilege is filed, with no controverting affidavit, the only jurisdiction which the court can exercise is to transfer the case.

Subsequent to the opinions of the Commission relied on by relator, it became necessary for Section B of the Commission to consider whether a judgment of non-suit could be validly entered by the court in which an uncontroverted plea of privilege was pending. The Commission then concluded that until a case has been actually transferred on plea of privilege, "notwithstanding the fact that the court could not try and determine the cause of action presented by the pleadings, it still had jurisdiction of the subject-matter to the extent of recognizing the statements made by the plaintiff that it desired to take a non-suit. This statement of the plaintiff that it desired to take a non-suit when accepted and recognized by the court, legally speaking, was a discharge of the defendants from the suit of the plaintiff." H. H. Watson Co. v. Cobb Grain Co., 292 S. W., 177.

We have no doubt that the right conferred on a plaintiff by Art. 2182 of the Rev. Stats. to take a voluntary non-suit in a case tried without a jury "at any time before the decision is announced," is not lost by the filing of an uncontested plea of privilege under Articles 2007 and 2008.

Hence, the action of the trial court in granting the non-suit instead of being void was entirely correct.

There are other reasons why relator does not show a right to the extraordinary remedy he seeks at the hands of this Court. If relator prevailed in this suit, the only right which it would maintain would be the right to have a suit re-instated against it for the recovery of damages, and a suit which confessedly might at once be discontinued in accordance with the manifested desire of plaintiff, in the District Court to which relator contends the venue should be changed. We do not think the right to have an action for damages continued against a defendant and for so brief a time can be made the basis for the issuance of a mandamus. Instead, we agree with the Supreme Court of Missouri that, "in circumstances as above related" the Court "will not award a discretionary writ as now here prayed, for the mere purpose of determining an empty and barren technical right in behalf of a petitioner. It will let well enough alone." State v. Associated Press, 60 S. W., 105.

Townes' Texas Pleadings at page 663, says, "the effect of a discontinuance is to terminate that suit between the parties." Courts will not act at the instance of a defendant for no other purpose than to renew litigation *against* himself. For, as said by the Appellate Division of the Supreme Court of New York: "A defendant cannot compel a plaintiff to litigate against his will, merely for the satisfaction of winning after a trial. If the plaintiff does not wish to prosecute his action, the defendant cannot require him to do so." Valentine v. Valentine, 119 N. Y. Supp., 427.

The motion for leave to file the petition for mandamus is overruled.