**HEWITT v. DE LEON.    (No. 623.)**

Court of Civil Appeals of Texas. Waco.
March 29, 1928.

Rehearing Denied April 19, 1928.

Judgment ⬳654—Question of venue held not res judicata because of pendency of plea of privilege, with late filed controverting plea, at time of dismissal.    (Rev. St. 1925, art. 2007).

Because when judgment of dismissal was entered on plaintiff's voluntary nonsuit there was pending, unacted on, a plea of privilege, with controverting plea filed after the five days after appearance day limited, by Rev. St. 1925, art. 2007, for filing it, question of venue was not res judicata, there being no order adjudicating such issue as is necessary for claim of res judicata.

---

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Action by Miguel De Leon against Tom Hewitt. From judgment overruling plea of privilege, defendant appeals. Affirmed.

See, also, 293 S. W. 301.

Trippet, Richey & Sheehy, of Waco, for appellant.

McNamara, Scott & Jaworski, of Waco, for appellee.

GALLAGHER, C. J. This suit was instituted by appellee, Miguel De Leon, in the district court of McLennan county, Seventy-Fourth judicial district, on the 6th day of September, 1926, against appellant, Tom Hewitt, for actual and exemplary damages alleged to have been suffered as the proximate result of an assault and battery on his person alleged to have been committed by appellant in McLennan county. Citation thereon returnable to the October term of said court was duly issued and served. Appellant, on October 12, 1926, the appearance day of said term, filed herein his plea of privilege to be sued in Runnels county, where he resided. Appellee on the same day filed an affidavit controverting said plea on the· ground that the assault for which damages were claimed by him was committed in McLennan county. No further action appears to have been taken herein until September 1, 1927, at which time appellant filed a reply to said controverting affidavit, in which he. alleged, in substance, that his right to have the issues involved herein tried in said Runnels county had theretofore been adjudicated by reason of a certain proceeding in the district court of McLennan county, Tex., Nineteenth judicial district.

The court on October 8, 1927, heard said plea of privilege. The parties at said hearing agreed in open court that appellee had theretofore, on the 26th day of February, 1926, filed a suit against appellant in the district court of McLennan county, Nineteenth judicial district; that the cause of action therein asserted was the identical cause of action asserted in this suit; that appellant on April 6, 1926, the appearance day of the term of court to which said suit was returnable, filed in said cause his plea of privilege to be sued in Runnels county, where he resided; that on the 14th day of April, eight days after the filing of said plea of privilege, appellee filed in said cause an affidavit controverting said plea on the ground that the assault alleged as the basis of his cause of action therein asserted was committed in McLennan county; that no action was taken at said term at which said plea and controverting affidavit were filed; that no service of said controverting affidavit upon appellant was ever had; that on September 23, 1926, at the next succeeding term of court, appellee filed in said cause a motion to be allowed to take

a nonsuit therein; that on October 2, 1926, appellant filed an exception to said controverting affidavit on the ground that it was filed too late, in that it was filed more than five days after the filing of his plea of privilege; that appellant also answered said affidavit and alleged that appellee had prior thereto filed this suit in the Seventy-Fourth district court and was seeking thereby to avoid the effect of his failure to file his controverting affidavit within the time prescribed by law, and that the court was without jurisdiction to dismiss said cause, but that the only order which said court could properly enter was one transferring the same to Runnels county for trial. It was agreed that the court granted appellee's motion to be allowed to take a nonsuit and dismissed said cause. It was further agreed that "the cause of action sued on by plaintiff occurred in McLennan county," and that venue was properly laid therein, unless appellant's right to have such cause of action tried in Runnels county had become res judicata by reason of the proceedings in the district court' of McLennan county, Tex., Nineteenth judicial district, as above stated. The court overruled said plea of privilege, and this appeal is prosecuted from said action.

#### Opinion.

Appellant contends that the court erred in overruling his plea of privilege. The only ground submitted as a basis for such contention is that the question of venue was, by reason of said proceedings in the district court of McLennan county, Nineteenth judicial district, res judicata, and that his right to have the cause of action asserted by appellee herein tried in Runnels county was conclusively established thereby. An order or judgment of a trial court sustaining or overruling a plea of privilege is interlocutory. Magouirk v. Williams (Tex. Com. App.) 249 S. W. 185, 186; Perkins v. Texas Bank & Trust Co. (Tex. Com. App.) 249 S. W. 186, 187; Izaguirre v. Evans (Tex. Com. App.) 249 S. W. 187, 188. Nevertheless, such an order is given by the statute some of the qualities of a final judgment. A separate hearing on the issues raised by the plea of privilege and affidavit controverting the same is provided for. It is further provided that an appeal from the order or judgment of the court thereon may be prosecuted by either party, and that in event such plea of privilege is sustained and the case ordered transferred to another county, such appeal shall suspend the enforcement of such order. R. S. art. 2008. It has been held in this connection that a failure to appeal from the order entered on a plea of privilege at the term of court at which such order was made and entered is a waiver of any right to thereafter complain of the same. Smith Bros. Grain Co. v. Windsor & Stanley (Tex. Com. App.)

255 S. W. 158. So such an order from which no appeal has been prosecuted has been held to have a sufficient element of finality to support a plea of res judicata. Old v. Clark (Tex. Civ. App.) 271 S. W. 183, 185. To support a plea of res judicata in cases tried before the court there must have been after hearing, or an opportunity therefor, a determination of the issues involved, and an order made or judgment of the court pronounced thereon. It is the order or judgment that adjudicates the issues. Unless such order is made there is no adjudication and nothing upon which a claim of res judicata can be based. Foster v. Wells, 4 Tex. 101, 104; Magee v. Chadoin, 30 Tex. 644, 667, 668; Houston v. Musgrove, 35 Tex. 595; Philipowski v. Spencer, 63 Tex. 604, 608; Scherff v. Missouri Pacific Ry. Co., 81 Tex. 471, 472, 473, 17 S. W. 39, 26 Am. St. Rep. 828; Texas Land & Loan Co. v. Winter, 93 Tex. 560, 563, 564, 57 S. W. 39; Dixon v. Sanderson (Tex. Sup.) 6 S. W. 831; Kuehn v. Kuehn (Tex. Com. App.) 242 S. W. 719, 720. A judgment of dismissal on demurrer, to be available in support of a plea of res judicata, must be a definite judgment of condemnation or dismissal by the court upon the merits of the issue determined. A judgment of dismissal in pursuance of a voluntary nonsuit is not such a judgment. Scherff v. Missouri Pacific Ry. Co., supra; Foster v. Wells, supra; Logan v. Stephens County (Tex. Civ. App.) 81 S. W. 109, 111; Buelin v. Smith (Tex. Civ. App.) 294 S. W. 317, 319, par. 3, and authorities there cited. The district court for the Nineteenth judicial district in the proceedings had therein did not determine the issue of venue nor make any order thereon. The general rule is that a judgment of dismissal in pursuance of a voluntary nonsuit not only arrests further proceedings in the cause, but also annuls what has been already done therein. Scherff v. Missouri Pacific Ry. Co., supra. We think this rule applies to the issue of venue in cases where there has been neither hearing nor order on the plea of privilege prior to the taking of a nonsuit therein.

The right of a plaintiff to take a nonsuit notwithstanding the pendency of an uncontroverted plea of privilege has been expressly declared by our Supreme Court. Atlantic Oil Producing Co. v. Jackson, 116 Tex. 570, 296 S. W. 283; H. H. Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174, 177. Appellant relies on certain expressions in the latter case to sustain his contention. In that case the plea of privilege was filed July 7, 1924. No controverting affidavit was ever filed. The court, however, in this connection, in the course of the opinion rendered therein, said:

"It will be noted that the plaintiff in error did not offer to file this affidavit at any time, even though it might have done so after the time allowed by law had good cause been shown for its failure to file the affidavit within the time allowed."

The judgment appealed from in that case was rendered on November 10, 1924, at a subsequent term of the court. The recitals therein show that the parties announced ready for trial; that it appeared to the court that a plea of privilege had been filed and not controverted; that the court heard and considered the evidence, law, and argument of counsel; and that before he had intimated what his decision would be, the plaintiff requested permission to take a nonsuit, which permission was granted and the cause dismissed. The court in the course of the opinion in that case, with reference to said recitations, said:

"These recitations in the judgment unalterably fixed the venue of any suit involving any subsequent controversy between the parties, relating to the subject-matter of the original suit in the county where the defendants reside as stated in their plea of privilege. The venue of such subsequent suit, if any, has become res adjudicata, thus and thereby securing to the defendants in error every substantial right which they claimed in their plea of privilege. Old v. Clark (Tex. Civ. App.) 271 S. W. 183."

In the case of Old v. Clark, cited in said opinion, the plea of privilege had been duly filed and regularly controverted. The court, after full hearing on the issues thus raised, entered an order transferring the cause from Dallas to Runnels county, from which order no appeal was taken and in pursuance of which order the case was duly transferred to said county. The plaintiff after the transfer of said case took a nonsuit therein in the district court of Runnels county and again filed suit on the same cause of action in Dallas county. The defendant again interposed a plea of privilege, and, in response to an affidavit controverting the same, pleaded that the judgment of transfer was res judicata of the venue of the cause of action again asserted in said second suit. The holding of the court in that case finds support in principle at least in the case of Smith Bros. Grain Co. v. Windsor & Stanley, above cited, though in that case the court overruled the plea of privilege, and his action in doing so was complained of in an appeal from the judgment on its merits rendered in the cause at a subsequent term of the court. Neither of said cases sustains the holding of the Commission of Appeals above quoted.

In the suit between appellee and appellant in the Nineteenth district court appellee filed a controverting affidavit on the eighth day after the filing of appellant's plea of privilege. Appellant insists that the provision that a controverting affidavit shall be filed within five days after appearance day, incorporated in this article (2007) of the statute by the revision of 1925, is mandatory,

and that appellee's controverting affidavit so filed was therefore a nullity. The general rule is that statutes prescribing the time within which a party shall file pleadings in a pending suit are to be construed as merely directory. 31 Cyc. p. 597; Barton v. Farmers' State Bank (Tex. Civ. App.) 263 S. W. 1093, 1096, par. 8; State Bank & Trust Co. v. Horne (Tex. Civ. App.) 295 S. W. 698, 699, pars. 3 and 4. Various such provisions in the statutes have been in effect so held. R. S. art. 2068, provides that if a rule for costs be entered against the plaintiff and he fails to comply therewith on or before the first day of the next term of court the suit shall be dismissed. Nevertheless, it is sufficient if such security be given at any time before the case is actually dismissed. Hays v. Cage, 2 Tex. 501, 504, 505; Cook v. Ross, 46 Tex. 263, 264, 265; Posey v. Aiken, 17 Tex. Civ. App. 44, 42 S. W. 368, 369, and authorities there cited.

R. S. art. 5235, provides that when a distress warrant issued by a justice of the peace is made returnable to the district or county court, the plaintiff shall file his petition on or before the appearance day of the term of court to which the same is returnable. If, however, the petition be filed before the case is dismissed by the court, such dismissal has been held improper. Bateman & Bro. v. Maddox, 86 Tex. 546, 552, 553, 26 S. W. 51; Maynard v. Lockett, 1 Posey, Unrep. Cas. 527, 532. R. S. art. 2009, in terms no less imperative than those employed in article 2007 here under consideration, provides that the answer of a defendant duly and timely cited shall be filed on or before the second day of the return term and before the call of the appearance docket on said day. Our courts have uniformly held that an answer filed at any time thereafter before judgment by default is taken is within time and as effective to secure a hearing on the issues presented therein as if filed within the time prescribed by said article. Moore v. Janes, 6 Tex. 227; Ellett v. Britton, 6 Tex. 229, 230; Hurlock v. Reinhardt, 41 Tex. 580, 582; City of Jefferson v. Jones, 74 Tex. 635, 636, 12 S. W. 749; Boles v. Linthicum, 48 Tex. 220, 223; Stout v. Myers (Tex. Civ. App.) 242 S. W. 1109, 1110. Section 1 of article 2232, Revised Statutes, also peremptory in terms, provides that motions for new trial shall be made within two days after the rendition of the verdict. The courts have with practical unanimity held this article directory and the consideration of such motions within the discretion of the court, and have refused to review the exercise of such discretion unless clearly abused. Aldridge v. Mardoff, 32 Tex. 204, 208; Linn v. Le Compte, 47 Tex. 440, 441, 442; George v. Taylor, 55 Tex. 97, 100; First Nat. Bank v. Henwood (Tex. Civ. App.) 183 S. W. 5, 6, and authorities there cited.

Section 11 of article 2092, Revised Statutes, which article prescribes special rules of practice and procedure in certain district courts, provides, among other things, that a plaintiff in garnishment shall have 15 days after the garnishee's answer is filed within which to controvert the same if he so desires. In State Bank & Trust Co. v. Horne, supra, the garnishee filed an answer on September 4, 1923. No controverting affidavit was filed until April 3, 1924. The Court of Civil Appeals for the Third District held in its opinion in that case that the right to file such controverting affidavit was not lost through laches. Section 29 of said article 2092 provides that motions for new trial shall be filed within 10 days after judgment is rendered and that the same may be amended within 20 days after they are filed. Section 28 thereof further provides that all such motions, unless postponed by written agreement of the parties, shall be presented within 30 days and acted on within 45 days after the filing of the original or amended motion. Our Supreme Court has held that when an original motion was duly filed the jurisdiction of the court to hear and determine the same attached, and that amendments filed after the time allowed by the terms of said act might in the discretion of the court be considered, and that the court could without a written agreement of postponement by the parties hear and determine such motion after the expiration of the period of 45 days from and after the filing of the same. Townes v. Lattimore, 114 Tex. 512 et seq., 272 S. W. 435; Nevitt v. Wilson, 116 Tex. 29, 36, 38, 285 S. W. 1079, 48 A. L. R. 355; Diamond Ice & Cold Storage Co. v. Strube, 115 Tex. 515 et seq., 284 S. W. 935.

Section 30 of article 2092 provides that all judgments shall become final after the expiration of 30 days after the date thereof or after the motion for new trial is overruled, as though the term of court had actually expired. Said section further provides that after the expiration of such time such judgment cannot be set aside except by bill of review as in other cases. The provisions of this section of said article distinguish it from the provisions of the sections above discussed, in that there is an express declaration that judgments which have become final by the expiration of the time therein specified shall not be set aside except by bill of review as in other cases. Our Supreme Court has held such provisions mandatory, and the court rendering such judgment without power to set it aside or modify it after the expiration of said period when no motion for new trial was filed. Pierce Co. v. Watkins, 114 Tex. 153, 155 et seq., 263 S. W. 905; Hardy v. McCulloch (Tex. Civ. App.) 286 S. W. 629, 631 (writ refused). Article 2007 of our statutes here under consideration does not expressly limit the right to file a

controverting affidavit to 5 days after appearance day. It does not provide that such an affidavit may not under any circumstances be filed after the expiration of such·time. The statute does not specify any particular time when the defendant in a case shall file his plea of privilege.

Since such plea may for the time being constitute his sole answer to the plaintiff's cause of action, it follows that such plea should, like any other answer, be filed on or before the call of the docket on appearance day. R. S. art. 2009. We, however, see no reason why he may not interpose a plea of privilege to be sued in the county of his residence at any time before judgment by default is taken against him, unless he has previously entered his appearance in the case. Such right seems to be accorded him by Moore v. Janes, supra, and other authorities cited in connection therewith. Such plea might therefore under such circumstances be filed long after appearance day. Of course in such a case the plaintiff would not be denied a right to thereafter controvert such plea. While the defendant in preparing his plea of privilege is required to state under oath "that no exception to exclusive venue in the county of one's residence provided by law exists in said cause," he is permitted to do so in general terms. Such sworn plea may through mistake of fact or law or otherwise be in fact untrue. We see no reason why such a plea should be an exception to the general rule and the plaintiff held to a rigid requirement as to the time in which he shall be permitted to file a controverting affidavit. The parties to this cause agreed in open court that plaintiff's cause of action in this case "occurred in McLennan county." If so, the general allegations of appellant's plea of privilege were in fact untrue. Nevertheless appellant insists that he should have the benefit of such plea solely on the ground that appellee did not file his controverting affidavit within 5 days, notwithstanding no action on his said plea was sought or had prior to such filing. The holding by the honorable Commission of Appeals in the case of H. H. Watson Co. v. Cobb Grain Co., above quoted, was not necessary to the decision of the issues involved in that case, and the judgment recommended and actually entered by the Supreme Court therein was not in any way dependent thereon. Our Supreme Court has repeatedly stated that its action in adopting and entering the judgment recommended by the Commission of Appeals does no more "than to simply adopt the view of the Commission as to the determination to be made of the cause." Hager v. Stakes, 116 Tex. 453, 463, 294 S. W. 835, 838, par. 1; McKenzie v. Withers, 109 Tex. 256, 206 S. W. 503; Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 167, 254 S. W. 290, 291. In

view of the authorities above cited, we feel constrained to hold that appellant's plea of privilege was properly overruled. See, also, in this connection, Hewitt v. De Leon (Tex. Civ. App.) 293 S. W. 301, 302.

The judgment of the trial court overruling said plea is therefore affirmed.