## SOUTHERN NATIONAL CO. v. BECK & BRIDGES.

### No. 7815.

Court of Civil Appeals of Texas. Austin.

Nov. 30, 1932.

Rehearing Denied Dec. 21, 1932.

W. B. Jack Ball, of San Antonio, for appellant.

Kelley, Looney & Norvell, of Edinburg, for appellees.

BLAIR, J.

This is an appeal from an order sustaining a plea of privilege and a plea of res adjudicata as to the venue of this suit on a note, payable in Comal county.

Venue is conceded to be in Comal county unless the following proceedings are res adjudicata of that issue:

A legal holder brought suit on the note in Bexar county. Appellee Bridges filed his plea of privilege to be sued in the county of his domicile. No controverting affidavit or plea was ever filed, nor was the plea of privilege called to the attention of the court or adjudicated in any manner during the pendency of the suit, which was for several terms of the court. Appellant purchased the note while that suit was pending, but without notice of it, and the plaintiff then took a voluntary nonsuit, or a judgment of dismissal without prejudice to any right of action on the note. Later appellant filed this suit on the note in Comal county, where it was made payable. Appellee Bridges then filed his plea of privilege in this suit, which appellant duly controverted; and, in reply, appellee pleaded the aforementioned proceedings as res adjudicata of the venue issue.

The mere fact that the uncontroverted plea of privilege was pending when plaintiff took a voluntary nonsuit or a dismissal of his suit without prejudice to any right of action on the note was not res adjudicata of the venue question, because there was no adjudication of that issue. A plea of res adjudicata must rest upon a hearing or an opportunity therefor, and a determination of the issue, or upon an order made or judgment entered after a hearing on the issue. This conclusion is sustained by the holding in the case of Hewitt v. DeLeon (Tex. Civ. App.) 5 S.W.(2d) 236, where it is held that, since there was no order or adjudication of the venue issue, a judgment of dismissal entered on plaintiff's voluntary nonsuit was not res adjudicata of the venue question merely because of the pendency of an undisposed of plea of privilege, which had not been controverted within the time allowed by law.

The law is now settled that plaintiff may take a voluntary nonsuit, or cause a judgment of dismissal without prejudice to be entered, although there is pending in the case an uncontroverted and undisposed of plea of privilege. Atlantic Oil Producing Co. v. Jackson, 116 Tex. 570, 296 S. W. 283. In that case, where a plea of privilege has been filed before the nonsuit was taken, the Supreme Court refused to permit the filing of a petition for mandamus to require the trial judge to reinstate and to transfer the case, both because the nonsuit was properly entered and because the reinstatement and transfer of the case, which plaintiff would still be free to dismiss, would be a futile proceeding. In support of these conclusions, the Supreme Court cited the case of Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174, and appellee contends the latter case holds that the taking of a nonsuit by a plaintiff with an uncontroverted plea of privilege pending is res adjudicata of the venue issue as to any subsequent suit by plaintiff on the same cause of action. It is manifest that, if such had been the rule announced in the Watson Company Case, the Supreme Court would have refused the petition for mandamus in

the Atlantic Oil Producing Company v. Jackson Case upon the additional ground that the venue question had been adjudicated by the taking of a nonsuit by plaintiff with the uncontroverted plea of privilege pending. It seems, however, that the Commission intended in the Watson Co. v. Cobb Grain Co. Case to base its opinion on a finding that the venue issue had been determined by the dismissal judgment. Certain recitals from the judgment of dismissal were set out, and from these it was held that these recitals in the judgment unalterably fix venue of any subsequent suit. As further evidence of this intention, the Commission cited the case of Old v. Clark (Tex. Civ. App.) 271 S. W. 183, which simply holds that, where a plea of privilege is adjudicated prior to the taking of a nonsuit by plaintiff, and adversely to plaintiff, such judgment on the plea of privilege is not affected by the judgment of dismissal, and that it is res adjudicata of the venue issue of any subsequent suit plaintiff may file on the same cause of action. Such is the holding of other cases where the nonsuit is taken after the plea of privilege has been adjudicated. But the mere fact that a voluntary nonsuit is taken with an uncontroverted plea of privilege pending is not res adjudicata of the venue issue, because there is no adjudication of the venue issue upon which to base the plea.

The orders appealed from are set aside, and the cause is reversed and remanded, with instructions to overrule both the plea of privilege and plea of res adjudicata.

Reversed and remanded, with instructions.