### ROY v. EAST TEXAS SECURITIES CO.
### No. 2290.

Court of Civil Appeals of Texas. Beaumont Dec. 8, 1932.

McCall & Boyls, of Beaumont, for appellant.

Lewis Lanier, of Jasper, for appellee.

LAWHON, J.

Appellant, a resident of Jefferson county, brought suit against appellee, a corporation, having its domicile in Jasper county. For cause of action appellant alleged that appellee had converted to its use an automobile of the value of $300, and that such conversion took place in Jefferson county. Appellee duly filed a plea of privilege, claiming the right to be sued in Jasper county, such plea stating that no exception to exclusive venue in the county of one's residence existed in this cause. Thereafter, and within the time provided by law, appellant filed a controverting affidavit, claiming that venue was properly fixed in Jefferson county by reason of a trespass being committed in the conversion of the automobile. Thereafter appellee filed a plea to the jurisdiction of the trial court to hear and determine the plea of privilege, alleging that prior to the filing of this suit the appellant had filed in the same court a suit against appellee on the same cause of action, and that appellee filed its plea of privilege, which was controverted, and that a hearing was had on this issue, and that at such hearing appellant offered no evidence, and that, after appellee had moved the court to transfer the cause to Jasper county, and after the court had indicated his intention to sustain the plea of privilege, the appellant took a nonsuit, and that such former proceedings constituted res adjudicata of the plea of privilege in the case under consideration. The court sustained this plea to the jurisdiction, and in the judgment of the court, after reciting the former proceedings, as above indicated, found that before the announcement of any decision the plaintiff stated that he desired to take a nonsuit, and that such suit was thereupon dismissed, and finds that these facts adjudicated the issues of venue, and ordered the case transferred to the county court of Jasper county, and this appeal is prosecuted from the aforementioned judgment.

There is no statement of facts, but a bill of exceptions shows that only the plea to the jurisdiction was heard.

■ Appellant contends that the proceedings referred to herein are not res adjudicata as to venue in Jasper county, and we sustain this contention. Appellee relies on Old v. Clark (Tex. Civ. App.) 271 S. W. 183, and Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174. In the case of Old v. Clark the trial court heard evidence on the issue of venue, raised by the plea of privilege and controverting answer, and, after such hearing, sustained the plea of privilege and transferred the case to the county of defendant's residence. The plaintiff gave notice of appeal, but never did take any further action in the case. He thereafter brought another suit in the county of his residence on the same cause of action, and the defendant again filed a plea of privilege, which was controverted, and on this state of facts the Dallas Court of Civil Appeals held that the first judgment adjudicated the issue of venue. We think this decision correctly announced the law, but the state of facts before us are not similar to the facts in that case. In the case under consideration the court heard no evidence and rendered no judgment on the plea of privilege.

The case of Watson Co. v. Cobb Grain Co. was passing upon the question of whether the trial court had jurisdiction to allow a nonsuit where a plea of privilege had been filed and no controverting answer had been filed. In an exhaustive opinion, Judge Short, of the Commission of Appeals, held that the trial court, having jurisdiction of the subject-matter, could allow a nonsuit to be taken where a plea of privilege had been filed but had not been controverted. There had been decisions by Courts of Civil Appeals to the contrary, and there were certain expressions in Craig v. Pittman & Harrison Co. (Tex. Com. App.) 250 S. W. 667, which might have been construed to hold that the trial court did not have jurisdiction to allow a nonsuit under such circumstances. However, in the Craig Case, the court was not dealing with a nonsuit, but was passing on a case where a judgment had been rendered against the defendant when there was an undisposed of plea of privilege on file. Judge Short correctly decided the case (Watson Co. v. Cobb Grain Co.), but stated that the judgment in the case being reviewed fixed the venue of any suit involving any subsequent controversy between the same parties on the same cause of action. As before stated, that case was dealing with a state of facts where a nonsuit was taken and where there was an uncontested plea of privilege on file. In the case under consideration, the plea of privilege was contested, and the court had the matter before it for consideration when the nonsuit was allowed.

Even if the facts in Watson Co. v. Cobb Grain Company were similar to the case under consideration, the expressions in that opinion, relied on by appellee, were not necessary to properly dispose of the case. The judgment of the trial court was affirmed, and the trial court had permitted the plaintiff to take a nonsuit. The effect of such nonsuit was not before the Supreme Court. The Supreme Court, in Atlantic Oil Producing Co. v.

Jackson, 116 Tex. 570, 296 S. W. 283, has definitely decided that a plaintiff does not lose the right to take a nonsuit while an uncontested plea of privilege is on file.

There was no adjudication of the issues involved in the plea of privilege and the controverting affidavit in the trial court, in the case relied on as res adjudicata. Judge Gaines, in Scherff v. Missouri Pacific Ry. Co., 81 Tex. 471, 17 S. W. 39, 40, 26 Am. St. Rep. 828, says: " 'A judgment, to have the authority or even the name of res judicata, must be a definitive judgment of condemnation or dismissal.' Freem. Judgm. sec. 251, quoting Pothier on Obligations. By dismissal, as here used, we understand not a mere nonsuit or discontinuance by the plaintiff, but a dismissal by the court upon the merits of the action."

The case of Hewitt v. De Leon (Tex. Civ. App.) 5 S.W.(2d) 236, the opinion by Chief Justice Gallagher, is directly in point, and sustains our conclusions.

■ The appellant not having had the opportunity to introduce evidence on the issue of venue, the case will have to be reversed and remanded. On another trial the burden will be on plaintiff to show a cause of action against the defendant, with venue in Jefferson county.

Reversed and remanded.