## MILLER v. VAN–TEX ROYALTY CO. et al.
### No. 2785.

Court of Civil Appeals of Texas. El Paso.

Feb. 2, 1933.

Rehearing Denied March 2, 1933.

Troy Smith and Butler, Price & Maynor, all of Tyler, for appellant.

Conner & McRae, of Eastland, and J. T. Spencer, of Waxahachie, for appellees.

HIGGINS, Justice.

This is an appeal by J. B. Miller from an order overruling a plea of privilege to be sued in Smith county where he resides.

Appellees filed the suit against Miller and others to recover damages for fraud. As to Miller the suit was an appearance case at the September term, 1931. In due time affidavit controverting the plea was filed by the plaintiffs. No notice was given of the controverting affidavit, and no action was taken upon the plea at the September term. The next term convened December 7, 1931, and on February 1, 1932, of the same term, the case was called for trial, whereupon an amicus curiæ suggested to the court that Miller's plea of privilege had not been acted upon; that the court had no jurisdiction of Miller, and as to him the case should be transferred to Smith county. Whereupon the court set February 20, 1932, of the same term for hearing the plea. On February 3, 1932, plaintiffs announced they would no longer prosecute the suit against Miller, and entered an order of nonsuit. On February 4, 1932, plaintiffs filed a motion setting up that Miller was a proper and necessary party to the suit and jointly liable with the other defendants to plaintiffs, and prayed that he be made a party defendant. This motion was granted by the court, and on February 8, 1932, plaintiffs filed amended petition in which Miller was again joined as a party defendant. Citation thereon, returnable to the March term, was issued and served upon Miller, who again filed plea of privilege to be sued in Smith county. The plea is in statutory form with additional allegations claiming that the order of nonsuit entered on February 3rd was, under the circumstances, res judicata of his right to be sued in Smith county. The plea was controverted and overruled.

### Opinion.

■ It is quite clear that at the time the plaintiffs took their nonsuit against Miller they had the right to do so. Atlantic O. P. Co. v. Jackson, 116 Tex. 570, 296 S. W. 283.

■ At that time the issues upon the plea of privilege had been joined by controverting affidavit filed in due time and a later date set for hearing the plea. Before the issues presented by such plea and controverting affidavit had been determined, the suit, as to Miller, was dismissed. We think it quite plain that under such circumstances the issue of venue was never decided, and therefore the plea of res judicata is not sound. Hewitt v. DeLeon (Tex. Civ. App.) 5 S.W.(2d) 236; Southern N. Co. v. Beck & Bridges (Tex. Civ. App.) 55 S.W.(2d) 215.

The opinions rendered in these cases we regard as foreclosing against appellant his contention that upon the facts above shown the nonsuit taken on February 3d is res judicata of the issue of venue.

■ Nor is there any merit in appellant's further contention that the evidence is insufficient to support the order overruling the plea. The evidence shows prima facie a case of actionable fraud committed in Ellis county, and sustains the venue in that county under subdivision 7 of article 1995, R. S., as amended by Acts 1927, 1st called Sess., c. 72, § 1 (Vernon's Ann. Civ. St. art. 1995, subd. 7).

Affirmed.