## HUMBLE OIL & REFINING CO. et al. v. PETTAWAY.

### No. 4546.

Court of Civil Appeals of Texas. Texarkana. Oct. 4, 1934.

H. Earl Cox, R. E. Seagler, and K. W. Gilmore, all of Houston, for appellants.

Clifford Stone, of Henderson, and Robert Carswell and Phillips & Williamson, all of Tyler, for appellee.

SELLERS, Justice.

Mrs. Milton H. Pettaway brought this suit in the district court of Rusk county against Humble Oil & Refining Company and the Humble Pipe Line Company, seeking to recover damages for personal injuries received by Milton H. Pettaway while he was in the employment of the Humble Oil & Refining Company, which resulted in the death of Milton H. Pettaway. The injury was alleged to have occurred in Rusk county.

The defendants filed their pleas of privilege to be sued in Harris county, the county of their residence, and alleged in their pleas that this identical suit had been previously filed in the district court of Gregg county by the plaintiff and that the defendant Humble Oil & Refining Company had timely filed its plea of privilege in that suit to be sued in Harris county, the county of its residence, and that while such plea was pending and after the statutory time for filing controverting plea had expired, and without any controverting plea having been filed, the

plaintiff was permitted by the court to take a voluntary nonsuit, which action was alleged to be res adjudicata on the venue question which forever fixed the venue of this suit in the district court of Harris county. The hearing on the pleas of privilege was had upon the following agreed statement of facts:

"It is agreed that heretofore, on June 11, 1932, plaintiff herein filed a suit against the defendant Humble Oil & Refining Company in the District Court of Gregg County, Texas, styled Mrs. Milton H. Pettaway v. Humble Oil & Refining Company, and numbered '869-B' on the docket of said District Court of Gregg County, Texas. That the suit filed in Gregg County, Texas, so far as the defendant Humble Oil & Refining Company is concerned, is identical with this suit; that on November 2, 1932, which was appearance day, the Humble Oil & Refining Company filed its plea of privilege to be sued in Harris County, Texas, the county of its residence; that no controverting plea or affidavit or answer of any character was filed by the plaintiff to said plea of privilege of the defendant Humble Oil & Refining Company, and no effort made to file said plea and no excuse offered or given for failure to controvert said plea of privilege; that on November 28, 1932, the plaintiff took a non-suit on the short minutes of the court, or the docket of the court, on which appears the following notation:

" '11-28-32. Plaintiff takes non-suit without prejudice.' That at the time said non-suit was taken by the plaintiff in said District Court of Gregg County, Texas, the court had not acted on the defendant's plea of privilege, or entered any kind of order in regard to same.

"That thereafter, on the 20th day of December, 1932, the plaintiff, Mrs. Milton H. Pettaway, filed her suit in this court against the defendant, Humble Oil & Refining Company, and the defendant Humble Pipe Line Company, and that the cause of action asserted against the Humble Oil & Refining Company in the District Court of Gregg County, Texas, was identical with the cause of action asserted against said defendant Humble Oil & Refining Company in this case.

"It is agreed that Milton H. Pettaway was injured and met his death in Rusk County, Texas.

"It is agreed that defendants presented their pleas of privilege, which were in proper form and timely filed, and that plaintiff presented her controverting affidavit, and that the matter was taken under advisement by the court."

The court rendered judgment overruling the pleas of privilege, and the defendants have prosecuted this appeal.

Appellants contend that the taking of a voluntary nonsuit by the appellee of the suit in Gregg county had the effect of settling the question of venue and that thereafter the venue of this suit, if again filed, was in the district court of Harris county. Until recently there was considerable conflict among the authorities upon this point. The case of H. H. Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174, sustains the contention of appellants, while the cases of Hewitt v. De Leon (Tex. Civ. App.) 5 S.W.(2d) 236; Southern National Co. v. Beck & Bridges (Tex. Civ. App.) 55 S.W.(2d) 215; and Miller v. Van-Tex Royalty Co. (Tex. Civ. App.) 57 S.W.(2d) 596, seem to be in conflict with the contention, but whatever conflict there was in these cases has been settled by the Supreme Court in favor of appellants' contention in the case of First National Bank of Dallas et al. v. Hannay, District Judge et al., 67 S.W.(2d) 215, in which opinion the court held, quoting: "The motion is overruled, on the authority of Atlantic Oil Producing Co. v. W. T. Jackson, District Judge, et al., 116 Tex. 570, 296 S. W. 283, and H. H. Watson Co. v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174. The right conferred on the plaintiff by article 2182 of the Revised Statutes to take a voluntary nonsuit in a case tried without a jury 'at any time before the decision is announced' was not lost by the filing of the plea of privilege, the filing of the controverting affidavit, and the hearing of evidence on the issue. The rule announced by the case second above cited will protect defendants from the harassment and expense of several contests on the issue of venue, for judgment of dismissal upon voluntary nonsuit by the plaintiff, after the filing of a plea of privilege and a controverting affidavit and before the court has announced his decision on the question of venue, is res adjudicata as to the venue of a subsequent suit on the same cause of action. A plaintiff, who, after filing his controverting affidavit, takes a nonsuit, thereby abandons his contest of the plea of privilege and in effect withdraws his controverting affidavit. Such action amounts to an admission that the plea of privilege is well taken."

This authority settles the question of venue of this suit to be in the district court of Harris county.

The judgment of the trial court is therefore reversed, and the cause remanded, with instruction to the trial court to transfer the suit to the district court of Harris county.