THE CITY OF JEFFERSON v. ERASTUS JONES.

No. 2828.

1. **Practice.**—A defendant has the right to file his answer at any time before judgment by default is actually announced by the court.

2. **Same.**—Rules that may properly control the practice of District Courts when causes are taken under advisement by the judge have no application when the only question is the right of the plaintiff to take a default.

APPEAL from Marion. Tried below before Hon. John L. Sheppard. The opinion states the case.

*George T. Todd, P. H. Rowell* and *L. S. Schluter,* for appellant.— 1. A defendant has a right in law to appear and answer at any time before a judgment by default has been actually taken and entered of record. Rev. Stats., art. 1282; Hurlock v. Reinhardt, 41 Texas, 580, 582; Wheat v. Davidson, 2 Texas, 196; Culbertson v. Ellison, 20 Texas, 102.

2. A general denial, or an answer had on general demurrer, will prevent a judgment by default. Sayles' Civ. Stats., art. 1282, note 6.

3. The fact that the default part of the judgment was entered at a term before the final portion is the only fact in the record that shows two separate judgments, and it shows that the most material recitals required for every final judgment are contained only in the default part of the judgment, or should have been contained therein, and the want of such recitals would only tend to make the entire judgment more invalid. Clark v. Compton, 15 Texas, 32; Linn v. Arambould, 55 Texas, 622, 624; Freem. on Judg., secs. 15, 16; Wootters v. Kaufman, 67 Texas, 497; Long v. Garnett, 45 Texas, 400.

*H. McKay,* for appellee.— 1. Appellee became and was entitled to judgment final by default on December 20, 1886, and no subsequent answer of appellant could defeat that right.

2. The judgment by default at the December Term, 1886, not being assailed during the term, became final, and could not therefore be set aside except by direct proceedings therefor, showing good cause why such motion was not made at the time of rendition.

HENRY, ASSOCIATE JUSTICE.—This suit was instituted in the year 1883 by appellee upon certain bonds, coupons, and notes executed by the city of Jefferson.

Questions with regard to the service of process upon defendant were acted upon by the court, resulting in an order dismissing the cause for want of service.

On appeal by the plaintiff to this court it was held that the service of citation upon defendant was good, and instead of the order dismissing his cause plaintiff was entitled to a judgment by default. 66 Texas, 576.

The mandate of this court having been issued, the plaintiff at the next term of the District Court, and on the first day of the term, it being the 20th day of December, 1886, demanded a judgment by default. On the same day a jury was demanded in behalf of defendant by attorneys then claiming to represent the city, and who the evidence shows were on the next day, by formal action of the city council, authorized to represent it in the cause.

The jury fee was paid by the attorneys making the demand on the first day of the term, December 20, 1886.

When judgment by default was demanded by plaintiff the cause was taken under advisement by the court. On the next day, the 21st day of December, an answer for defendant was filed. Afterwards at the same term, on the 22d of January, 1887, the cause was called at the court's own motion and a judgment by default was rendered, reciting that the cause had been with the court for consideration since the first day of the term. In the same order the court overruled plaintiff's motion to strike the cause from the jury docket, and directed it to be continued until the next term, to be tried by a jury on a writ of inquiry.

At the next term the writ of inquiry was tried, with a jury, resulting in a verdict, which was set aside by the court at the instance of plaintiff. The motion of plaintiff was to set aside the verdict and the judgment rendered on it, and to hold still in force the judgment by default, and such was the judgment of the court, against the contention of defendant that the judgment ought to be set aside as a whole, including the default. Plaintiff complained of the verdict because it was for an amount greatly below his demand.

At the June Term, 1889, plaintiff renewed his motion to strike the cause from the jury docket, and the court so ordered, and directed the clerk to assess the damages.

This was properly done and final judgment entered for the amount by him assessed.

The defendant appeals.

At any time before a judgment by default has been actually announced by the court a defendant has the right to file his answer.

Rules that may properly control the practice of District Courts when causes are taken under advisement by the judge have no application when the only question is the right of the plaintiff to take a default.

We deem it unnecessary to discuss the other grounds of error, as they can not arise again in this cause; and because of the error of the court in rendering judgment by default when defendant had an answer on file to which the attention of the court has been called, we reverse and remand the cause.

*Reversed and remanded.*

Delivered October 29, 1889.