

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00351-CV

———————————————————

YUMIN ZHAO, Appellant

V.

TWO STEPPIN TOWING, Appellee

---

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2021-00500-JP

---

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Pro se Appellant Yumin Zhao claims that his vehicle was wrongfully towed by Appellee Two Steppin Towing. After a justice court rejected Zhao's claim, he appealed to a county court at law, and that court rejected the claim too. Zhao appeals, raising 12 issues. We will affirm.

## I. Background

Two Steppin' Towing (Towing Company) towed Zhao's truck from the parking lot of a commercial strip center. The key disputed issues at trial were (1) whether the parking facility owner authorized Zhao to park there and (2) to a lesser extent, whether the parking facility displayed signs warning that unauthorized vehicles would be towed.

Zhao testified that he was installing an electronic sign at a sushi restaurant in the strip center, that he had received approval for the installation from the restaurant owner and from the strip center landlord Vick Joshi, that he had parked right in front of or right behind the restaurant at all relevant times,[1] and that there were no signs prohibiting him from parking there. Zhao produced a document which bore Joshi's signature and which approved Zhao's installation of the electric sign. This document was admitted into evidence along with a copy of Zhao's related permit application listing Joshi as the property owner.

---

[1]Zhao attempted to testify that he had parked where the restaurant owner had directed him to park, but the trial court sustained repeated hearsay objections to this testimony.

The Towing Company agreed with Zhao that Joshi owned the parking facility, but it disagreed that Joshi had authorized Zhao to park there. The Towing Company's representative testified that there were signs prohibiting unauthorized parking in the area[2] and that Joshi had contacted the Towing Company and asked it to tow Zhao's vehicle.[3] A copy of the Towing Company's contract with Joshi was admitted into evidence, reflecting an agreement for on-call towing service at Joshi's property. But Joshi signed the contract under his business name—Different Corp. Zhao disputed the existence of Different Corp, and he distinguished between it and Joshi, leading to significant confusion at trial.

Much of the confusion stemmed from Different Corp's name being listed on the receipts that the Towing Company provided Zhao to document his towing. First was a "Road Service" form, which the Towing Company completed when it arrived at Joshi's property to tow Zhao's vehicle. The form lists Different Corp as the party requesting the towing, it gives Joshi's address as the location of the vehicle, and it

---

[2]The Towing Company representative testified that the parking facility was "inundated" with "highly visible" signs prohibiting unauthorized vehicles, including "at every entrance," and the Towing Company offered photographs of the signs. *See* Tex. Occ. Code Ann. § 2308.301 (providing requirements for signs prohibiting unauthorized vehicles).

[3]The Towing Company's representative indicated that the Towing Company had received calls that Zhao's truck was "a nuisance" because it was "leaking [fluid] all across the property" in the locations where it was parked.

contains Joshi's initials on behalf of the requesting party—Different Corp.[4]  The

Towing Company also mailed Zhao a notice that his vehicle had been impounded,

listing "Different Corp" as the property owner that had authorized the impound.  The

notice included the mailing address for Different Corp, which matched the address that

Zhao had listed for Joshi on his permit application.  And when Zhao retrieved his

vehicle, the impound invoice listed Different Corp as the property owner again, and it

specified Joshi as the point of contact with Joshi's contact information provided.

But Zhao contended that Joshi was not doing business as Different Corp, that

Different Corp did not exist, and thus Joshi—the true owner of the parking facility—

had not authorized his towing.  Zhao completed a form to "Request [a] Tow Hearing"

under "Texas Occupations Code Chapter 2308[,] Subchapter J[—] Rights of Owners

and Operators of Stored Vehicles," and he filed the form with a justice court.  *See* Tex.

Occ. Code Ann. § 2308.458.  The justice court entered judgment for the Towing

Company, and after Zhao appealed to the county court of law for a trial de novo, *see*

Tex. R. Civ. P. 506.3, that court held similarly.  Zhao appeals.

## II.  Unauthorized Towing

Subchapter J of Occupations Code Chapter 2308—the Chapter known as the

Towing and Booting Act—provides a cause of action for "[t]he owner or operator of a

---

[4]Although the markings on the form are faint, the Towing Company representative identified Joshi's initials near the signature box for the authorized parking facility owner.

vehicle that has been removed and placed in a vehicle storage facility . . . without the consent of the owner or operator of the vehicle." Tex. Occ. Code Ann. § 2308.452; *see id.* § 2308.001. That owner or operator "is entitled to a hearing on whether probable cause existed for the removal and placement," *id.* § 2308.452*,* and if the owner or operator requests such a hearing, he has the burden of proof. *Id.* § 2308.458(b-1)(1).

## III.  Discussion

Zhao raises 12 issues that fall into seven general categories: (1) sufficiency of the evidence, (2) false statements, (3) admission and exclusion of exhibits, (4) absent witnesses, (5) "knowing" misdeeds, (6) representation by counsel, and (7) discrimination.[5]

### A.    Issue 1:  Sufficiency

In his first issue, Zhao claims that the trial court "erroneously applied the law to an authorized vehicle . . . [that] was towed as [an] unauthorized vehicle." We liberally construe this argument as a challenge to the legal sufficiency of the trial court's implied finding that Zhao's vehicle was "unauthorized."[6]  *See* Tex. R. App. P. 38.9; *Weekley*

---

[5]More than five months after Zhao filed his original brief, and less than one week before Zhao's case was scheduled for submission, he filed an amended brief without leave of court. *Cf.* Tex. R. App. P. 38.7; 2d Tex. App. (Fort Worth) Loc. R. 1(B). The vast majority of Zhao's amended brief is identical to his original brief.

[6]Zhao's pleadings alleged that "[n]o signs restricting parking were posted at the parking facility" and that he "was charged or paid a towing charge greater than the amount authorized." *See* Tex. Occ. Code Ann. § 2308.458(c). Because Zhao's pleadings did not specifically allege that he was authorized to park at the parking facility, the Towing Company argued that Zhao could not raise that issue, and the trial court did

*Homes, LLC v. Paniagua*, 646 S.W.3d 821, 826–27 (Tex. 2022) (noting that courts of appeals must construe briefing reasonably but liberally).

In reviewing a legal sufficiency challenge, we determine "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We must credit all evidence in favor of the challenged finding if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *Id.* We will sustain the legal sufficiency challenge only if the evidence conclusively establishes the opposite of the challenged finding and leaves "no room for ordinary minds to differ as to the conclusion to be drawn from it." *Int'l Bus. Machs. Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 235 (Tex. 2019).

Zhao challenges the implied finding that his vehicle was "unauthorized." *See* Tex. Occ. Code Ann. § 2308.252(a) (providing conditions for "[a] parking facility owner [to], without the consent of the owner or operator of an unauthorized vehicle, cause the vehicle . . . to be removed"). Whether Zhao's vehicle was "unauthorized" at the time that it was towed depended upon whether Zhao had "parked . . . on [the] parking

---

not specifically address it in its judgment or its findings of fact and conclusions of law. Nonetheless, at trial, there was a significant amount of evidence addressing Zhao's authority (or lack of authority) to park where he did. *Cf. id.* § 2308.452 (describing purpose of hearing as determining "whether probable cause existed for the removal and placement"). For purposes of our analysis, we assume without deciding that the trial court implicitly addressed the issue by entering judgment for the Towing Company.

facility without the consent of the parking facility owner." *Id.* § 2308.002(13) (defining "[u]nauthorized vehicle").

The parties agreed who the parking facility owner was—Joshi—but they hotly contested whether Joshi had authorized it to be there. Zhao claimed that he had Joshi's authorization to be on the property to install a sign, while the Towing Company claimed that Joshi had reported Zhao's vehicle as unauthorized and had asked that the vehicle be towed.

Each party offered evidence to support its own version of events. The Towing Company offered its contract with Joshi's company, and the Towing Company's representative identified Joshi's initials on the "Road Service" form and indicated that Joshi had reported Zhao's vehicle as unauthorized. Although Zhao offered competing testimony and evidence, the question came down to a factual determination, and the factfinder had the discretion to "determine[] the weight and credibility of the witnesses and evidence and [to] believe or disbelieve any part of it." *Senter v. City of Dall.*, No. 05-05-01416-CV, 2006 WL 3218548, at *3 (Tex. App.—Dallas Nov. 8, 2006, no pet.) (mem. op.) (reiterating rule in towing case); *see City of Keller*, 168 S.W.3d at 819 (describing factfinders as "the sole judges of the credibility of the witnesses and the weight to give their testimony" and recognizing that "[t]hey may choose to believe one witness and disbelieve another"); *Brazos Valley Roadrunners, LP v. Lee*, No. 10-19-00251-CV, 2021 WL 3191954, at *3 (Tex. App.—Waco July 28, 2021, no pet.) (mem. op.) (stating in towing case that "[a]s the factfinder, the trial court was free to believe

7

[witness's] testimony that the video footage showed [the driver] returning to pay" for parking before she was towed).

There was evidence on both sides of the issue, and a reasonable person could have believed the Towing Company's version of events over Zhao's. *Cf. Int'l Bus. Machs. Corp.*, 573 S.W.3d at 235 ("To conclusively establish [a] fact, the evidence must leave 'no room for ordinary minds to differ as to the conclusion to be drawn from it.'" (quoting *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982))). Because the evidence was sufficient to support the Towing Company's version of events, and because the factfinder had the sole discretion to believe one version over the other, we overrule Zhao's first issue.

## B.     Issues 5 and 6: "False" Statements

Zhao's fifth and sixth issues are also resolved by the factfinder's discretion to believe one witness over the other. Zhao alleges that the towing receipt he received from the Towing Company contained "false statements" such as the name of the parking facility owner—Different Corp—and Zhao claims that such false statements were knowing violations of Sections 2308.454 and 2308.455 of the Occupations Code. As discussed above, though, whether the statements in the towing receipt were false was a disputed issue at trial, and the parties offered competing evidence on the issue. The factfinder could choose to believe one version of events over the other, *City of Keller*, 168 S.W.3d at 819–20, and the judgment reflects that the factfinder believed the

8

Towing Company. We cannot supplant the trial court's credibility determination on appeal. *See id.* We overrule issues five and six.

## C. Issues 2, 4, 9, and 12:[7] Admission and Exclusion of Exhibits

Zhao next challenges the trial court's admission of "irrelevant" exhibits offered by the Towing Company and the trial court's exclusion of a variety of exhibits offered by Zhao.

First, Zhao complains that the trial court admitted "irrelevant" exhibits offered by the Towing Company "such as[8] [the] tow contract with [an adjacent] Best Western Hotel;[9] Park prohibit sign for Unauthorized vehicle parking; and unidentifiable

---

[7]It is unclear what Zhao is attempting to argue in issue twelve. The issue reads, in its entirety: "A person may have a dozen companies, and each of them are different, there are not same company even they have same ownership[.] Especially, a cooperation is not a person! [T]hat's the common sense[]." We interpret this statement as a reiteration of Zhao's challenge to the trial court's exclusion of his online searches for Different Corp.

[8]To the extent that Zhao's list of "irrelevant" exhibits is nonexhaustive, we cannot review the admissibility of unidentified exhibits. *See* Tex. R. App. P. 38.9 (noting that "briefs are meant to acquaint the court with the issues" and "enable the court to decide the case").

[9]The Towing Company representative testified that, about ten days before Zhao's vehicle was towed, he had parked in an adjoining Best Western parking lot. Joshi owned a portion of the Best Western parking lot as well, and the Towing Company had been contacted to photograph and document the vehicle's unauthorized presence. These photographs were admitted into evidence along with a copy of the contract that the Towing Company had with Best Western to provide on-call towing to the portions of the hotel property not owned by Joshi. The Towing Company also talked to the employees at Best Western, and the Best Western posted a notice on Zhao's vehicle.

9

photos." His challenge to all of the allegedly "irrelevant" exhibits is two sentences in its entirety. Zhao has not cited any Rules of Evidence or legal authorities to support his challenge, he provides no analysis or explanation of why the "tow contract with Best Western Hotel" and "Park prohibit sign[s]" were allegedly inadmissible, and he does not even identify the specific "unidentifiable photos" that he wishes to challenge.[10] The "[f]ailure to cite applicable authority or provide substantive analysis waives an issue on appeal." *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.); *cf. 1701 Commerce Acquisition, LLC v. Macquarie US Trading, LLC*, No. 02-21-00333-CV, 2022 WL 3904976, at *14–15 (Tex. App.—Fort Worth Aug. 31, 2022, no pet. h.) (mem. op.) (reiterating that "we cannot search the record and research the law to formulate parties' arguments for them" (quoting *De Los Reyes v. Maris*, No. 02-21-00022-CV, 2021 WL 5227179, at *9 (Tex. App.—Fort Worth Nov. 10, 2021, no pet.) (mem. op.))); *Slagle v. Prickett*, 345 S.W.3d 693, 700 (Tex. App.—El Paso 2011, no pet.) (recognizing that "[w]hen a litigant fails to cite any authority for his position, the issue is inadequately briefed, and we have discretion to deem the argument waived"). Zhao has thus waived his challenges to the admission of "irrelevant" exhibits by failing to adequately brief the issue. *See* Tex. R. App. P. 38.1(i).

---

[10]Moreover, although Zhao objected at trial to the relevance of the "tow contract with Best Western" and to many of the Towing Company's photographs, his brief does not cite the portions of the record that reflect those objections.

The remainder of Zhao's evidentiary complaints relate to his own excluded evidence—evidence of Zhao's online searches for Different Corp, evidence of the subpoena that Zhao issued summoning Different Corp to court, and evidence that the towing company damaged Zhao's transmission.

As for the documentation of Zhao's online searches and attempts to subpoena Different Corp, similar documents were admitted into evidence, and Zhao has not explained how the excluded exhibits materially differed to such an extent that they probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1). Plus, the trial court excluded the complained-of exhibits as hearsay, *see* Tex. R. Evid. 802, and Zhao does not explain why the documents were not hearsay or how they qualified for a hearsay exception. *See, e.g.*, Tex. R. Evid. 801(e), 803–04; *cf.* Tex. R. App. P. 38.1(i). Nor does Zhao cite anywhere in the record where he raised a hearsay exception before the trial court. *Cf.* Tex. R. App. P. 33.1(a). In sum, this issue was not preserved, it is inadequately briefed, and Zhao has not shown harm. *See* Tex. R. App. P. 33.1(a), 38.1(i), 44.1(a)(1).

Finally, regarding the evidence that the Towing Company damaged Zhao's transmission, Zhao has not explained why the exclusion of this evidence was harmful, and we fail to see how it could have been. Zhao acknowledges that he was offering this evidence to show "economic[] damages," but the trial court concluded that the Towing Company did not violate the Occupations Code anyway, so the court did not reach the question of Zhao's damages. Even if it had reached the question, though, Zhao could

not recover for his allegedly damaged transmission under Subchapter J of Chapter 2308.[11]  *Cf.* Tex. Occ. Code Ann. § 2308.458(e) (authorizing certain types of damages such as attorney's fees, costs, photographing fees, towing charges, and parking charges); *Black Bull Towing, LLC*, 2015 WL 3637933, at *2–3 (construing Chapter 2308 and noting limit on recoverable damages under Subchapter J).

We overrule Zhao's second, fourth, ninth, and twelfth issues.

## D.    Issue 3:  Absent Witnesses

In his third issue, Zhao complains that the trial court "mistakenly handled this case" because it did not call the parking facility owner "to test[i]fy in the trial as required by law (Sec. [2]308.458 (b))."[12]  But Section 2308.458(b) of the Occupations Code directs the justice court to "notify . . . the parking facility  . . . of the date, time, and place of the hearing" in the justice court.  *See* Tex. Occ. Code Ann. § 2308.458.  It does not require the county court at law to call the parking facility owner to testify.

---

[11]Zhao argues that he could recover for his damaged transmission under Sections 2308.404 and 2308.405 of the Occupations Code, but those Sections apply to proceedings under Subchapter I, and Zhao filed his suit under Subchapter J.  *See* Tex. Occ. Code Ann. §§ 2308.404–05; *Black Bull Towing, LLC v. Ybarra*, No. 02-14-00227-CV, 2015 WL 3637933, at *2–3 (Tex. App.—Fort Worth June 11, 2015, pet. denied) (mem. op.) (construing Chapter 2308 and "conclud[ing] that a proceeding under [S]ection 2308.452 [i.e., Subchapter J] is separate from a proceeding under [S]ection 2308.404," i.e., Subchapter I, and that the two "allow for the recovery of different damages").

[12]Although Zhao's brief cites "Sec. 308.458 (b)" given the context, we construe this as a citation to Section 2308.458(b) of the Occupations Code.

On the contrary, Zhao bore the burden of proof at trial, and it was his responsibility to call witnesses and offer the evidence necessary to support his case. *See id.* § 2308.458(b-1)(1). If Zhao wished to present testimony from the parking facility owner, it was his responsibility—not the trial court's responsibility—to call the owner as a witness.[13] We overrule this issue.

## E. Issues 7 and 8: "Knowing" Misdeeds

Next, Zhao alleges that the Towing Company representative "knowingly" violated the Occupations Code and that the Company's trial counsel "knowingly" violated the Rules of Civil Procedure.

Regarding the first allegation, he claims that the Towing Company's representative knowingly violated Section 2308.254 of the Occupations Code by inaccurately describing the statutory towing requirements in his testimony. Zhao has not cited any law that makes inaccurately describing a towing-related statute into a per se violation of that statute. Plus, the complained-of testimony was admitted as part of

---

[13]In Zhao's amended brief, he alleges that that there are "hidden reasons" why the Towing Company did not call the parking facility owner to testify, and he urges this court to follow *Luckel v. White*, 819 S.W.2d 459, 461–62 (Tex. 1991), and similar cases by "focus[ing] on the parties' intent, [and] limiting [our] review to its four corners." But the cases Zhao cites, including *Luckel*, involve the interpretation of a deed, and the rules governing deed interpretation are inapplicable in this towing-related case. Moreover, even if the Towing Company had "hidden reasons" for not calling the parking facility owner as a witness, Zhao could have done so. Again, Zhao bore the burden of proof, and if he wished to present testimony from the parking facility owner, it was his responsibility to call the owner as a witness. *See* Tex. Occ. Code Ann. § 2308.458(b-1)(1).

Zhao's cross-examination of the Towing Company representative, and Zhao did not

object to the testimony. Zhao's evidentiary challenge to the testimony was not

preserved. Tex. R. App. P. 33.1(a).

Next, Zhao contends that the Towing Company's counsel violated Texas Rule

of Civil Procedure 99 by filing a tardy answer.[14] *See* Tex. R. Civ. P. 99. But Zhao does

---

[14]Zhao's original brief alleges violations of "Sec. 9, 10[,] and Rule 13," but he neither identifies the code he is referencing nor provides any explanation of the objectionable actions. In his amended brief, Zhao alleges that the Towing Company's counsel violated "TCPRC Sec. 9, 10[,] & TRCP Rule 13" by making false statements of material fact, offering irrelevant exhibits, fabricating evidence, and filing frivolous pleadings and bad-faith motions. *See* Tex. Civ. Prac. & Rem. Code Ann. chs. 9–10 (addressing frivolous pleadings and motions and providing for sanctions); Tex. R. Civ. P. 13 (similar).

Even if we were to accept Zhao's amended brief, though, his new arguments have no merit. First, Texas Rule of Civil Procedure 13 and Chapters 9 and 10 of the Texas Civil Practice and Remedies Code do not apply to verbal factual statements, exhibits offered as evidence at trial, or oral trial objections—they apply to pleadings, motions, and other paper filings that are signed by an attorney or a party. *See* Tex. Civ. Prac. & Rem. Code Ann §§ 9.011 (providing that "[t]he signing of a pleading" certifies that it is not "groundless and brought in bad faith," among other things), 10.001 (similar); Tex. R. Civ. P. 13 (entitled "Effect of Signing of Pleadings, Motions[,] and Other Papers; Sanctions"). Moreover, Chapter 9 of the Civil Practice and Remedies Code is inapplicable, as it does not apply to cases in which Chapter 10 of that Code or Rule of Civil Procedure 13 apply. Tex. Civ. Prac. & Rem. Code Ann. § 9.012(h); *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 362 n.6 (Tex. 2014) (noting that Chapter 9 "has largely been subsumed" and quoting law review article's comment that "it would be difficult to conceive of a scenario in which Chapter 9 would be applicable"). This leaves only Zhao's allegation that the Towing Company's counsel filed frivolous pleadings and bad-faith motions in violation of Chapter 10 and Rule 13.

To support this allegation, Zhao cites the portions of the record containing the Towing Company's original answer and its motion to enter an order, implying his intention to target these two documents. But he does not identify what statements within those documents are objectionable, nor does he explain why the challenged

not argue that—much less explain how—the tardiness caused him harm. *See* Tex. R. App. P. 44.1(a). He does not claim that he was surprised by the Towing Company's pleadings, and such an allegation would be difficult to support given that the Towing Company appeared in the justice court, it filed its answer more than a month before trial, and it pleaded only a general denial and a request for attorney's fees.

Generally, "[a]lthough there is a 'deadline' for filing an answer . . . an answer may also be filed at any time before default." *In re S.K.A.*, 236 S.W.3d 875, 896 (Tex. App.—Texarkana 2007, no pet.); *see City of Jefferson v. Jones*, 74 Tex. 635, 636, 12 S.W. 749, 749

---

statements lack an arguable basis and demonstrate an absence of good faith. *See* Tex. R. Civ. P. 13 (defining "[g]roundless" for purposes of the Rule). His challenge is thus inadequately briefed. *Cf.* Tex. R. App. P. 38.1(i).

And even if we were to extrapolate the substance of Zhao's argument from the motion for sanctions that he filed below, we could not conclude that the trial court's denial of his motion for sanctions was an abuse of discretion. *See Altesse Healthcare Sols., Inc. v. Wilson*, 540 S.W.3d 570, 573–74 (Tex. 2018) ("We review a trial court's ruling on a motion for sanctions for [an] abuse of discretion."). The Towing Company's original answer contains a general denial and a request for related attorney's fees, and both Chapter 10 and Rule 13 expressly state that a general denial does not constitute a violation of their prohibitions on bad-faith pleadings. Tex. Civ. Prac. & Rem. Code Ann. § 10.004(f) ("The filing of a general denial . . . shall not be deemed a violation of this chapter."); Tex. R. Civ. P. 13 ("A general denial does not constitute a violation of this rule."). As for the Towing Company's motion to enter an order, this motion sought to formalize a verbal ruling that the trial court had previously issued. Although the trial court later determined that it had been incorrect regarding the legal underpinnings of that ruling, the error was attributable to a unique facet of the Towing and Booting Act, and the Towing Company's counsel acknowledged as much. Zhao has not identified any evidence that this legal error was committed intentionally or in bad faith. *See* Tex. R. Civ. P. 13 (requiring court to presume that pleadings and motions "are filed in good faith" and prohibiting sanctions absent "good cause"). So, even if we were to accept Zhao's amended brief and liberally construe the merits of his argument, we would still overrule this issue.

15

(1889) ("At any time before a judgment by default has been actually announced by the court, a defendant has the right to file his answer."). The mere failure to file an answer before the relevant deadline does not warrant per se reversal on appeal, and we fail to see how it could have "caused the rendition of an improper judgment" or "prevented the appellant from properly presenting the case" on appeal. Tex. R. App. P. 44.1(a).

We overrule Zhao's seventh and eighth issues.

## F.    Issue 10:  Representation by Counsel

In his tenth issue, Zhao argues that his "legal rights have been infringed" because the trial court "denied Appellant's request to have a lawyer during the trial." In reality, though, Zhao made a conscious decision to represent himself.

Before trial began, the trial court cautioned Zhao about the challenges he would face if he chose to represent himself.[15] Zhao confirmed that he understood the challenges, and he nonetheless decided to proceed without legal representation. Then, in the middle of his case-in-chief, Zhao changed his mind and asked that he be permitted to hire counsel. The trial court construed the request as a motion for continuance or motion to recess, and the Towing Company objected to stopping the case mid-trial and described the expenses and prejudice that would result from doing so. The trial court's decision to proceed with the ongoing trial was not equivalent to a "[d]eni[al]" of Zhao's "request to have a lawyer."

---

[15]The trial court had cautioned Zhao at a pretrial hearing as well.

16

Nonetheless, we liberally construe Zhao's appellate argument as a challenge to the trial court's denial of his implied motion for continuance to hire counsel. *See* Tex. R. App. P. 38.9; *Weekley Homes*, 646 S.W.3d at 826–27. We review a trial court's ruling on a continuance for an abuse of discretion. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002); *Poonjani v. Kamaluddin*, No. 02-14-00193-CV, 2015 WL 3523102, at *2 (Tex. App.—Fort Worth June 4, 2015, no pet.) (mem. op.); *Lair v. Lair*, No. 02-12-00249-CV, 2014 WL 2922245, at *2 (Tex. App.—Fort Worth June 26, 2014, no pet.) (mem. op.). Rule of Civil Procedure 251 requires a motion for continuance to be supported by an affidavit, *see* Tex. R. Civ. P. 251, so "we have consistently held that a trial court does not abuse its discretion by denying an oral, unsworn motion for continuance." *Poonjani*, 2015 WL 3523102, at *2. Zhao's oral motion was not supported by an affidavit. Plus, the Texas Supreme Court has held that "[i]n civil cases in which the absence of counsel has been urged as grounds for a continuance or new trial, courts have required a showing that the failure to be represented at trial was not due to the party's own fault or negligence." *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984) (op on reh'g); *In re Guardianship of Rombough*, No. 02-11-00181-CV, 2012 WL 1624027, at *4 (Tex. App.—Fort Worth May 10, 2012, no pet.) (mem. op) ("[I]f Appellant wished to rely on the absence of counsel to establish grounds for a continuance, she needed to show that her failure to be represented at trial was not due to her own fault or negligence."). Here, Zhao consciously chose to proceed without representation at trial.

For both reasons—the absence of a supporting affidavit and Zhao's conscious choice to proceed pro se—the trial court did not abuse its discretion by denying Zhao's oral motion for a continuance. We overrule Zhao's tenth issue.

## G. Issue 11: Discrimination

Finally, in his eleventh issue, Zhao alleges "[d]iscriminations and double standards against a Pro Se and minority litigators." Although Zhao's brief is ambiguous regarding the identity of the alleged discriminator, Zhao appears to level his accusations at the trial court itself.

Discrimination and bias are serious allegations and should not be alleged lightly. There is nothing in the record to support Zhao's complaint. Zhao does not explain how or why he believes he was discriminated against, and the transcript reflects that the trial court conducted the proceedings with professionalism. "[A] litigant's dissatisfaction with a judge's rulings does not support a finding of bias." *Zhao v. Sea Rock Inc.*, No. 08-20-00209-CV, 2022 WL 2256317, at *6–7 (Tex. App.—El Paso June 23, 2022, pet. filed) (rejecting similar allegation of bias). We overrule this issue.

18

## IV. Conclusion

Having overruled all of Zhao's issues, we affirm the trial court's judgment. Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: October 20, 2022